PEOPLE v HAYMER

Docket No. 88806. Submitted September 10, 1987, at Lansing. Decided January 20, 1988.

David Haymer was convicted on his plea of guilty of armed robbery and was sentenced to life in prison, Eaton Circuit Court, Richard M. Shuster, J. Defendant appealed.

The Court of Appeals *held:*

The sentence imposed on defendant shocked the judicial conscience of the Court of Appeals in light of the shorter sentence imposed on a codefendant for his conviction of breaking and entering an unoccupied dwelling and possession of a firearm during the commission of a felony arising out of the same incident, the prior criminal history of defendant, the fact that the victims who happened upon the scene of the break-in were not physically harmed, and defendant's original intent of merely breaking and entering into a business establishment while it was closed.

Sentence vacated and case remanded for resentencing.

Criminal Law — Appeal — Sentences.

A criminal defendant may request review of the exercise of a trial court's discretion in imposing sentence, but relief will be granted only where it is found that the trial court abused its discretion to the extent that the sentence shocks the conscience of the appellate court.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *G. Michael Hocking,* Prosecuting Attorney, and *K. Davison Hunter,* Assistant Prosecuting Attorney, for the people.

*Glassen, Rhead, McLean & Campbell* (by *John H. Deming*), for defendant.

References

Am Jur 2d, Criminal Law § 38.

Comment Note.—Length of sentence as violation of constitutional provisions prohibiting cruel and unusual punishment. 33 ALR3d 335.

Before: DANHOF, C.J., and SHEPHERD and BEAS-LEY, JJ.

PER CURIAM. Defendant, David Haymer, pled guilty to armed robbery, in violation of MCL 750.529; MSA 28.797. Defendant was sentenced to life in prison. He now appeals as of right, claiming that the sentence should shock our judicial conscience. *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983).

The record indicates that at the time of the offense defendant was seventeen years old. On December 30, 1984, at approximately 4:00 A.M., defendant and his uncle, Clyde Winford, attempted to break into a gas station/party store in Olivet, Michigan. While defendant was using a crowbar to break into the building, the victims, Larry and Jeanne Weeks, drove past and witnessed the suspicious activity. Larry Weeks got out of his car and chased defendant and Winford around the building. Winford drew a gun and forced Larry Weeks to lie on the ground. Defendant, holding the crowbar, directed Jeanne Weeks to lie on the ground as well. Defendant then took a purse and the keys from the Weekses' car. He threw the car keys on the roof of the gas station before he and Winford fled. Neither victim was injured.

For his role in the crime, the gun-toting Winford received a ten- to fifteen-year sentence from another judge for breaking and entering an unoccupied dwelling as a second offender, plus a two year sentence for possession of a firearm during the commission of a felony. Winford had a long history of criminal offenses.

Prior to committing the instant offense, defendant had committed six crimes as a juvenile. Of the six violations, defendant waived his right to counsel on three. The convictions while defendant

was unrepresented included two counts of larceny from a building and one count of probation violation. The juvenile convictions while defendant was represented included unlawful use of a credit card, breaking and entering an unoccupied dwelling, and probation violation. In total, the violations resulted in defendant spending a little more than six months in a juvenile home.

As an adult, defendant was convicted of breaking and entering an occupied dwelling, for which he received a sentence of three years probation, with the first year to be spent in the county jail. Defendant committed the instant offense, as well as two other armed robberies, while on bond pending disposition of the breaking and entering charge.

The sentencing guidelines recommended a minimum sentence of five to eight years. The presentence investigation report recommended a sentence of twenty to forty years in prison. The probation officer noted that, while she recommended a departure from the guidelines range, she did not recommend the maximum possible sentence because defendant did not hold the gun and was young enough that hope for rehabilitation existed. The prosecutor made no recommendation regarding a sentence.

Under these circumstances, a life sentence shocks our judicial conscience. *Coles, supra.* Although defendant has an extensive criminal record, he committed all of his crimes within a three-year period before he reached the age of majority. Besides three brief stays in a juvenile home, the now twenty-year-old defendant never has been punished and given the incentive to rehabilitate.

We do not minimize the seriousness of armed robbery. However, fortunately, the victims in this case were not injured. In spite of this, the trial

judge imposed the most lengthy and severe sentence available under Michigan law. While we are reluctant to interfere with a trial judge's discretion in sentencing, we recognize that it was the very occasional aberrant sentence that impelled the Supreme Court to undertake sentence review in *Coles, supra.* This seems to be such a sentence.

We do not find any indication that defendant planned to commit armed robbery. He and codefendant Winford set out to break into a gas station. Defendant carried a crowbar only to accomplish the breaking and entering. It only became a potential weapon when the Weekses happened upon the scene. As indicated, Winford, who brandished the gun, received a sentence of not less than ten nor more than fifteen years. To give defendant a life sentence would ignore the purposes of the sentencing guidelines:

> Neither justice nor the appearance of justice is served when similar offenders committing similar offenses receive dissimilar sentences. [Michigan Sentencing Guidelines, Statement of Purpose.]

Consequently, we vacate defendant's sentence and remand this case for resentencing.

Sentence vacated and case remanded.