## PEOPLE v PFEIFFER

Docket No. 106603. Submitted September 7, 1988, at Lansing. Decided
May 15, 1989.

James Andrew Pfeiffer and Michael Prichard both pled guilty to
assault with intent to rob while armed, Genesee Circuit Court,
Donald R. Freeman, J. The convictions arose out of an incident
in which Prichard robbed a store while Pfeiffer waited in and
later drove the getaway car. Prichard was sentenced to impris-
onment for fifteen to twenty-five years. Pfeiffer failed to appear
for sentencing while on bail. Following his capture, Pfeiffer was
sentenced to a prison term of thirty-five to sixty years. Pfeiffer
appealed, claiming that the sentence should shock the con-
science of the Court of Appeals.

The Court of Appeals *held:*

Neither justice nor the appearance of justice is served when
similar offenders committing similar offenses receive dissimilar
sentences. A review of Pfeiffer's and Prichard's sentences indi-
cates that the trial court's sole reason for appellant's greatly
enhanced sentence was the fact that he failed to appear for
sentencing. Although this Court does not minimize the serious-
ness of appellant's failure to appear, that alone cannot justify a
sentence substantially greater than that received by his code-
fendant.

Sentence vacated, case remanded for resentencing, and juris-
diction retained.

DANHOF, C.J., concurred separately to state that appellant's
sentence shocks the judicial conscience in light of the codefen-
dant's greater role in the armed robbery. Judge DANHOF agreed
with the remand for resentencing, but would not retain juris-
diction.

CRIMINAL LAW — SENTENCING — DISPARATE SENTENCING OF CODEFEN-
DANTS.

A substantial disparity in the length of prison sentences imposed

REFERENCES
Am Jur 2d, Criminal Law §§ 178, 602.
See the Index to Annotations under Joint and Several Parties;
Sentence and Punishment.

on two codefendants convicted of the same offense shocked the conscience of the Court of Appeals where the disparity was based solely on the failure of the codefendant receiving the greater sentence to appear for sentencing as originally set while on bail.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division, and *Edwin R. Brown,* Assistant Prosecuting Attorney, for the people.

*Neil C. Szabo,* for defendant on appeal.

Before: DANHOF, C.J., and MICHAEL J. KELLY and BEASLEY, JJ.

MICHAEL J. KELLY, J. Defendant, James Andrew Pfeiffer, appeals from his thirty-five to sixty year sentence for assault with intent to rob while armed, MCL 750.89; MSA 28.284. Both defendant and a codefendant, Michael Prichard, pled guilty to this crime. On November 29, 1984, Prichard was sentenced to fifteen to twenty-five years. Pfeiffer, who was out on bond at the time, failed to appear for sentencing on that date and was not rearrested until June of 1987. On July 1, 1987, the trial court sentenced defendant Pfeiffer to thirty-five to sixty years.

On appeal,defendant claims that the sentence should shock the judicial conscience under *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983). We agree.

Defendant's participation in the crime charged consisted of waiting in the getaway car while codefendant Prichard robbed a Sunshine Dairy store, then driving away. Although Prichard perpetrated the actual robbery, he was sentenced to a minimum sentence twenty years lower than defen-

dant's. Under these circumstances, this sort of disparate treatment in sentencing shocks our judicial conscience and requires resentencing under *Coles.* See *People v Haymer,* 165 Mich App 734; 419 NW2d 63 (1988). As previously noted, "neither justice nor the appearance of justice is served when similar offenders committing similar offenses receive dissimilar sentences." *Haymer* at 737 (quoting the Michigan Sentencing Guidelines, Statement of Purpose).

Review of Pfeiffer's and Prichard's sentences indicates that the trial court's sole reason for defendant's greatly enhanced sentence was the fact that defendant failed to appear for his scheduled sentencing. Although we do not minimize the seriousness of defendant's failure to appear, it alone cannot justify increasing his sentence by an additional twenty to thirty-five years. We therefore set aside the sentence and remand his case for resentencing. Disparity of sentencing is a frequent theme in remands pursuant to *People v Coles, supra.* Two members of this panel recently addressed a similar case, where two perpetrators received considerably divergent sentences, in *People v Haymer, supra.* See also *People v Winchell,* 171 Mich App 662; 430 NW2d 812 (1988).

With regard to defendant's second issue of whether the sentencing judge improperly characterized defendant as an escapee, we find this error harmless in view of the remand. However, we do direct the court's attention to the five-year maximum punishment for escape from prison, MCL 750.193; MSA 28.390. As noted by the prosecutor, defendant did not escape nor did he abscond on bond; what he actually did was violate MCL 750.197a; MSA 28.394(1), which is a misdemeanor punishable by a maximum one-year jail term. The court did have a right to take such criminal con-

duct into consideration at sentencing, but the court should also consider the potential punishment if defendant had in fact been convicted of this offense, plus the fact that the prosecutor elected not to charge defendant with this misdemeanor violation. If the sentencing judge does choose to use such conduct as a reason for departing from the guidelines on remand, he should specifically address these considerations.

The sentence of thirty-five to sixty years is set aside.

Remanded for resentencing. We retain jurisdiction.

BEASLEY, J., concurred.

DANHOF, C.J. *(concurring)*. I agree with the majority's conclusion that defendant must be resentenced because his sentence shocks the judicial conscience. *People v Coles,* 417 Mich 523, 550; 339 NW2d 440 (1983). Although his codefendant played a greater role in the armed robbery, defendant received a much greater sentence. Under the circumstances of this case, defendant must be resentenced. See *People v Haymer,* 165 Mich App 734; 419 NW2d 63 (1988). I would not retain jurisdiction.