PEOPLE v JONES

Docket No. 123571. Submitted June 12, 1991, at Lansing. Decided
    August 5, 1991, at 9:30 A.M.
  Delrita Jones pleaded guilty in the Genesee Circuit Court, Earl E.
    Borradaile, J., of escaping from jail while awaiting sentencing
    for a felony conviction. The felony escape charge was brought
    under MCL 750.197(2); MSA 28.394(2) after the defendant had
    been conditionally released from jail pursuant to MCL
    801.55(a); MSA 28.1748(5)(a) because of overcrowding, but failed
    to comply with the condition that she report to the sheriff's
    department daily. The defendant appealed, claiming that her
    failure to comply with the condition provided an inadequate
    factual basis for her guilty plea.
    The Court of Appeals *held:*
    MCL 750.197(2); MSA 28.394(2), which provides in part that a
    person lawfully imprisoned in a jail awaiting sentencing for a
    felony who leaves the jail without being discharged by due
    process of law is guilty of a felony, does not encompass viola-
    tions of conditional release programs. A failure to comply with
    the terms of a conditional release more properly falls under the
    misdemeanor statute governing escape from lawful custody,
    MCL 750.197a; MSA 28.394(1).
    Reversed.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief, Appellate Division, for the people.

State Appellate Defender (by *Sherrie P. Guess* and *Douglas B. Shapiro*), for defendant on appeal.

Before: McDonald, P.J., and MacKenzie and Fitzgerald, JJ.

Fitzgerald, J. Pursuant to a plea agreement in which a charge of retail fraud was dismissed,

defendant pleaded guilty of jail escape, MCL 750.197(2); MSA 28.394(2). At the time of the plea, defendant was awaiting sentencing in another case for a conviction of attempted larceny over $100. Defendant was sentenced for the larceny conviction to 1½ to 2½ years' imprisonment, and was subsequently sentenced to a consecutive term of two to four years for the escape conviction. In this appeal as of right, defendant seeks vacation of her plea-based conviction or resentencing, arguing that there was an inadequate factual basis for her plea. We agree and reverse.

I

Defendant was charged with the four-year felony of jail escape, MCL 750.197(2); MSA 28.349(2), on the basis of the following allegations in the information:

> [Defendant] did, being a person lawfully imprisoned in jail or place of confinement established by law, to-wit: the Genesee County Jail, leave said jail or place of confinement without being discharged from same by due process of law while awaiting sentencing on a felony.

On December 19, 1988, defendant pleaded guilty to the charge in exchange for the dismissal of a pending retail fraud charge. At the time of the plea, defendant was awaiting sentencing in another case for a conviction of attempted larceny over $100. The factual basis of the plea was defendant's admission that on October 4, 1988, she was in jail while awaiting sentencing in the attempted larceny case. Defendant explained that the escape charge was based on her failure to report to the jail after being conditionally released in accor-

dance with an overcrowded-jail program.[1] The terms of defendant's release permitted her to leave the jail with the requirement of reporting to the jail every evening. Defendant was taken into custody pursuant to a bench warrant on November 26, and subsequently pleaded guilty to the escape charge.

Defendant filed a motion to withdraw her guilty plea on the ground that the factual basis of the plea was inadequate. Defendant argued that she had been released from jail under the "Conditional Release Program," that a condition of her release required that she report to the sheriff's department daily, and that her failure to report was not an escape as contemplated by the statute.

Following a hearing on defendant's motion on September 25, 1989, the trial judge found the statute applicable to defendant and denied defendant's motion to withdraw her plea:

> I consider that the conditional release is not a release from jail. It is an allowance by the person to be gone from the confines of the jail at certain times, mostly during the evening, during when they have need of the bed space, frankly.
>
> When she violates a rule, the same as the Department of Corrections uses when a placement at the YMCA here in Flint, for instance, any failure to comply with the terms or a failure to report as required, it is considered an escape.

II

A factual basis to support a plea exists if an inculpatory inference can be drawn from what the defendant has admitted. *Guilty Plea Cases,* 395 Mich 96, 128-132; 235 NW2d 132 (1975). This holds

[1] MCL 801.55(a); MSA 28.1748(5)(a).

true even if an exculpatory inference could also be drawn and the defendant asserts that the latter is the correct inference. *Id.,* p 130. Even if the defendant denies an element of the crime, the court may properly accept the plea if an inculpatory inference can still be drawn from what the defendant says. *People v Haack,* 396 Mich 367, 374-375; 240 NW2d 704 (1976).

There is no absolute right to withdrawal of a guilty plea. When first made after sentencing, a motion to withdraw a guilty plea addresses itself to the sound discretion of the trial court, and the trial court's decision will not be disturbed unless there is a clear abuse of discretion resulting in a miscarriage of justice. *People v Rettelle,* 173 Mich App 196, 200; 433 NW2d 401 (1988).

There is no dispute that defendant was conditionally released from jail before sentencing pursuant to the jail-overcrowding statute, MCL 801.55(a); MSA 28.1748(5)(a), which authorizes conditional releases from jail, along with possible bail reductions and releases on recognizance, as means of remedying jail overcrowding. There also appears to be no dispute that defendant knowingly and intentionally violated the condition of her release from jail pending sentencing. The sole issue, therefore, is a statutory one; namely, whether defendant's failure to report is a violation of MCL 750.197(2); MSA 28.394(2), which provides in pertinent part:

> A person lawfully imprisoned in a jail . . . awaiting . . . sentence for a felony . . . who leaves the jail without being discharged from the jail . . . by due process of law . . . is guilty of a felony.

Where a statute is clear and unambiguous, judicial construction or interpretation is precluded.

*Wills v Iron Co Bd of Canvassers,* 183 Mich App 797, 801; 455 NW2d 405 (1990). If construction is warranted, this Court is obliged to determine and give effect to the intention of the Legislature and assign words their ordinary, normally accepted meaning. *Joy Management Co v Detroit,* 176 Mich App 722, 730; 440 NW2d 654 (1989). When determining legislative intent, statutory language should be given a reasonable construction considering its purpose and the object sought to be accomplished. An act must be read in its entirety, giving due consideration to all sections so as to produce, if possible, an harmonious and consistent enactment of the whole. *Wills, supra* at 801. The Legislature is presumed to be familiar with the rules of statutory construction. *Victorson v Dep't of Treasury,* 183 Mich App 318, 323; 454 NW2d 256 (1990).

The felony provision at issue here specifically deals with jails. The provision was amended by 1987 PA 212 to add that a person who leaves jail pursuant to a day parole, and fails to return, does not violate the statute unless there is an intent to escape from imprisonment. However, the day-parole provision does not apply in this case. The day-parole provision provides for nighttime imprisonment, and failure to return to the jail with an intent to escape constitutes a violation of the statute. Because in the instant case defendant's conditional release provided for a reporting requirement rather than imprisonment, it is illogical to say that defendant's failure to report constitutes an escape from imprisonment under the terms of the statute.

The Legislature has failed to specifically address non-day-parole releases such as a conditional release under an overcrowded-jail program. The statute merely prohibits a person from leaving the jail

without being discharged from the jail by due process of law. There is no other language in the statute that makes a failure to report to a police agency the equivalent of jail escape.

We conclude that the Legislature's amendment of MCL 750.197(2); MSA 28.394(2), which specifically addressed and excluded violations of day paroles in the absence of an intent to escape, but failed to address other forms of conditional release, precludes a finding that the Legislature intended the jail escape statute to encompass violations of conditional release programs. Criminal statutes are strictly construed, and where legislative intent is not entirely free from doubt, the doubt must be resolved in favor of lenity. *People v Wilder,* 411 Mich 328, 343; 308 NW2d 112 (1981). Failure to comply with the terms of a conditional release more properly falls under the misdemeanor statute governing escape from lawful custody, MCL 750.197a; MSA 28.394(1), which provides:

> Any person who shall break or escape from lawful custody under any criminal process, including periods while at large on bail, shall be guilty of a misdemeanor punishable by imprisonment in the county jail for not more than 1 year, or by a fine of not more than $500.00.

See *People v Pfeiffer,* 177 Mich App 170, 172; 441 NW2d 65 (1989), wherein this Court noted, in dicta, that the misdemeanor statute applies when a defendant released on bond fails to appear at sentencing without having escaped or absconded on bond.

The prosecutor is not left without a remedy. Upon withdrawal of defendant's plea, the prosecutor is free to proceed against defendant on the

dismissed retail fraud case and to file in the instant case a misdemeanor charge under MCL 750.197a; MSA 28.394(1).

Reversed.