PEOPLE v WILLIAMS

Docket No. 224612. Submitted October 10, 2000, at Grand Rapids. Decided November 17, 2000, at 9:10 A.M.

Derrick L. Williams pleaded guilty in the Mason Circuit Court to a charge of resisting arrest, but failed to appear for sentencing. He was arrested and charged in the Mason Circuit Court with absconding on a felony bond, MCL 750.199a; MSA 28.396(1). He moved to quash the information on the ground that the offense of resisting arrest, a misdemeanor punishable by imprisonment for not more than two years, could not support a charge of absconding on a felony bond. The court, Richard I. Cooper, J., denied the motion, and the defendant pleaded guilty and was sentenced to two consecutive terms of two years' probation with six months to be served in jail. The defendant appealed by leave granted.

The Court of Appeals *held*:

Although a misdemeanor that may result in two years' imprisonment may be deemed a felony for purposes of the habitual offender, probation, and consecutive sentencing provisions of the Code of Criminal Procedure, it cannot be deemed a felony for purposes of the Penal Code. The conviction and sentence for absconding on a felony bond must be vacated and the matter must be remanded for entry of a conviction of the misdemeanor offense of breaking or escaping from lawful custody under any criminal process, MCL 750.197a; MSA 28.394(1), and resentencing.

Vacated and remanded.

CRIMINAL LAW — ABSCONDING ON A FELONY BOND — RESISTING ARREST.

A conviction of resisting arrest, a misdemeanor punishable by imprisonment for not more than two years, may be deemed a felony for purposes of the habitual offender, probation, and consecutive sentencing provisions of the Code of Criminal Procedure, but may not be deemed a felony for purposes of the Penal Code and, therefore, may not serve as a felony for purposes of establishing the crime of absconding on a felony bond (MCL 750.199a, 750.479, 760.1 *et seq.*; MSA 28.396[1], 28.747, 28.841 *et seq.*).

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, *Cris J. Van Oosterum*, Prosecuting Attorney, and *Catherine M. Davis*, Assistant Attorney General, for the people.

State Appellate Defender (by *Anne Yantus*), for the defendant on appeal.

Before: FITZGERALD, P.J., and HOOD and MCDONALD, JJ.

PER CURIAM. Defendant pleaded guilty to a charge of resisting arrest, MCL 750.479; MSA 28.747, but failed to appear for sentencing. He was subsequently arrested and charged with absconding on a felony bond, MCL 750.199a; MSA 28.396(1). Defendant moved to quash the information on the ground that the misdemeanor offense of resisting arrest, which is punishable by imprisonment for not more than two years, could not support a charge of absconding on a felony bond. After the trial court denied the motion to quash, defendant pleaded guilty of the absconding on bond charge and was sentenced to serve two consecutive terms of two years' probation with six months to be served in jail. Defendant appeals by leave granted. We vacate the absconding conviction and sentence and remand for further proceedings.

The purpose of the Penal Code is to "define crimes and prescribe the penalties therefor." Preamble, MCL 750.1 *et seq.*; MSA 28.191 *et seq*. The Penal Code defines a "felony" as an "offense for which the offender, on conviction may be punished by death, or by imprisonment in state prison," MCL 750.7; MSA 28.197, and defines a "misdemeanor" as an act or omission that is not a felony, which is punishable by fine, penalty, forfeiture, or imprisonment, MCL 750.8;

MSA 28.198, or an act prohibited by a statute that imposes no penalty for the violation, MCL 750.9; MSA 28.199. Although a misdemeanor that may result in two years' imprisonment may be deemed a felony for purposes of the habitual offender, probation, and consecutive sentencing provisions of the Code of Criminal Procedure, MCL 760.1 *et seq.*; MSA 28.841 *et seq.*, it cannot be deemed a felony for purposes of the Penal Code. *People v Smith*, 423 Mich 427, 434; 378 NW2d 384 (1985). Resisting arrest is by definition a misdemeanor under the Penal Code, MCL 750.479; MSA 28.747, and, therefore, cannot serve as a felony for purposes of establishing the crime of absconding on a felony bond. Cf. *People v Baker*, 207 Mich App 224, 225; 523 NW2d 882 (1994) (resisting arrest, a misdemeanor punishable by imprisonment for not more than two years, cannot support a charge of possession of a firearm during the commission of a felony). Thus, we vacate defendant's plea-based conviction and sentence for absconding on a felony bond and remand this matter to the trial court for entry of a conviction of the misdemeanor offense of breaking or escaping from lawful custody under any criminal process, MCL 750.197a; MSA 28.394(1),[1] and for resentencing on that conviction. See *People v Jones*, 190 Mich App 509, 514; 476 NW2d 646 (1991).

Defendant's conviction and sentence for absconding on bond are vacated and the matter is remanded

---

[1] MCL 750.197a; MSA 28.394(1) provides:

Any person who shall break or escape from lawful custody under any criminal process, including periods while at large on bail, shall be guilty of a misdemeanor punishable by imprisonment in the county jail for not more than 1 year, or by a fine of not more than $500.00.

to the trial court for proceedings consistent with this opinion. Jurisdiction is not retained.