PEOPLE v LAWRENCE

Docket No. 220598. Submitted May 10, 2001, at Detroit. Decided June 5, 2001, at 9:00 A.M.

Robert L. Lawrence was convicted by a jury in the Oakland Circuit Court, Steven N. Andrews, J., of possession with intent to deliver less than fifty grams of cocaine and of escape from lawful custody. The defendant appealed, challenging only the conviction of escape from lawful custody, which related to the act of fleeing from the police car into which the defendant had been placed for transportation following his arrest without a warrant for the cocaine offense.

The Court of Appeals *held*:

The escape from lawful custody statute, MCL 750.197a, provides that any person who shall break or escape from lawful custody under any criminal process, including periods while at large on bail, shall be guilty of a misdemeanor. The statute does not apply to the defendant inasmuch as the defendant was not under criminal process at the pertinent time. At that time, no court had acquired or exercised jurisdiction over him, nor had any court compelled his appearance through the issuance of a summons. The statute applies to individuals who are, in one form or another, already under court order.

Conviction of escape from lawful custody vacated.

METER, J., dissenting, stated that the conviction of escape from lawful custody should be affirmed, because the phrase "any criminal process," as used in the escape from lawful custody statute, should be construed to mean proceedings in any action or prosecution or the summons by which a person is made to appear in court and should include lawful arrests. Such a construction better effectuates the Legislature's intent of deterring and punishing escape in a broad range of situations, including escape from police custody during a lawful arrest.

CRIMINAL LAW — ESCAPE FROM LAWFUL CUSTODY.

The statute that makes it a misdemeanor to break or escape from lawful custody under any criminal process applies to a person over whom a court has acquired or exercised jurisdiction, or whose appearance has been compelled by a court summons (MCL 750.197a).

*Jennifer M. Granholm*, Attorney General, and *Thomas L. Casey*, Solicitor General, *David Gorcyca*, Prosecuting Attorney, and *Thomas Richards*, Assistant Prosecuting Attorney, for the people

State Appellate Defender (by *Douglas W. Baker*), for the defendant on appeal.

Before: McDONALD, P.J., and MURPHY and METER, JJ.

MURPHY, J. Following a jury trial, defendant was convicted of possession with intent to deliver less than fifty grams of cocaine, MCL 333.7401(1), (2)(a)(iv), and of escape from lawful custody, MCL 750.197a. The trial court sentenced defendant as an habitual offender, third offense, MCL 769.11, to thirty-four months to forty years' imprisonment on the possession with intent to deliver conviction. On the escape conviction, the court imposed a consecutive sentence of 165 days in jail and gave defendant credit for that time served. Defendant now appeals as of right, challenging only his conviction of escape from lawful custody. Because we conclude that defendant was not "under any criminal process" when he attempted to flee from police transportation upon his arrest, we vacate the misdemeanor conviction of escape from lawful custody.[1]

---

[1] Defendant additionally argues that reversal of this misdemeanor conviction should include, as an appropriate remedy, remand for resentencing on the possession with intent to deliver conviction. Defendant does not, however, independently challenge the proportionality of that sentence. Thus, although referencing this request for resentencing in his statement of questions presented, we conclude that defendant has inadequately briefed the issue. Moreover, defendant has failed to comply with the requirement of MCR 7.212(C)(7) that he submit to this Court a copy of his presentence report. Despite these procedural inadequacies, we briefly address the issue to note that we do not order remand for resentencing because we are not persuaded that defendant's conviction of and sentence

Police officers, conducting surveillance of a housing project because of complaints regarding narcotics trafficking, approached defendant and a second individual after the two were observed making a suspicious exchange. Both men ran, but the officers gave chase, caught them, and returned to the location of the initial approach. On the ground where defendant had been standing, the officers found two individually wrapped rocks of suspected crack cocaine. The rocks field-tested positive for cocaine, and the officers arrested defendant, handcuffed him, and placed him in a police car for transport to the police station. Just as the car began to move, defendant opened the car door and "took off running." The officers again gave chase, caught defendant approximately two hundred yards from the car, and returned him to the car, this time locking the door.

The sole issue we must decide is whether these uncontested facts support conviction of escape from lawful custody. Defendant argues that his action of fleeing the police car is not punishable under MCL 750.197a because no court had yet issued an order affecting his custody and, thus, he did not escape from lawful custody "under any criminal process." The prosecution, meanwhile, contends that this case is controlled by *People v Taylor*, 238 Mich App 259; 604 NW2d 783 (1999), wherein a similar claim was considered and rejected when the Court construed a companion statute, MCL 750.197(2).

When reviewing the sufficiency of the evidence in a criminal case, this Court views the evidence in a light

---

to time served for the misdemeanor offense of escape from lawful custody had any effect on the sentence imposed by the court for the possession with intent to deliver conviction.

most favorable to the prosecution to determine whether a rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt. *People v Wolfe*, 440 Mich 508, 515; 489 NW2d 748 (1992), amended 441 Mich 1201 (1992); *People v Vronko*, 228 Mich App 649, 654; 579 NW2d 138 (1998). Statutory interpretation, however, presents a question of law that we review de novo. *People v Webb*, 458 Mich 265, 274; 580 NW2d 884 (1998).

MCL 750.197a provides:

> Any person who shall break or escape from lawful custody *under any criminal process*, including periods while at large on bail, shall be guilty of a misdemeanor punishable by imprisonment in the county jail for not more than 1 year, or by a fine of not more than $500.00. [Emphasis added.]

In part because this case turns on construction of the phrase "under any criminal process," we initially find, contrary to the prosecution's argument, that this case is not controlled by *Taylor, supra.*[2]

---

[2] *Taylor* involved the construction of MCL 750.197(2), which did not use the critical phrase at issue and instead provided:

A person lawfully imprisoned in a jail or place of confinement established by law, awaiting examination, trial, arraignment, or sentence for a felony; or after sentence for a felony awaiting or during transfer to or from a prison, who breaks the jail or place of confinement and escapes; who breaks the jail, although no escape is actually made; who escapes; who leaves the jail or place of confinement without being discharged from the jail or place of confinement by due process of law; who breaks or escapes while in or being transferred to or from a courtroom or court house, or a place where court is being held; or who attempts to break or escape from the jail or place of confinement is guilty of a felony. A term of imprisonment imposed for a violation of this subsection shall begin to run at the expiration of any term of imprisonment imposed for the offense for which the person was imprisoned at the time of the violation of this subsection.

In *Taylor, supra* at 260, the defendant was arrested, taken to the jail, and placed in a holding cell. Before he was booked, he asked to use the bathroom. When the guard opened his cell door, the defendant escaped. *Id.* The trial court ruled that individuals who have been arrested on a felony warrant and placed in a holding cell in a jail are immune from prosecution under subsection 197(2) until they are formally processed. However, this Court reversed, finding that the defendant was "lawfully imprisoned in a jail" when he escaped. *Id.* at 262. This Court additionally ruled that the fact that the defendant had not yet been processed was irrelevant because he was not jailed for the purpose of being booked. "Rather, he was being held in jail pending the commencement of the criminal process," which "logically includes examination, arraignment, and possibly trial." *Id.* at 266. The circumstances presented in *Taylor* are factually distinguishable from the instant case, and this Court's interpretation of strikingly different statutory language does not assist our analysis of § 197a.

No reported cases in this state in fact construe the phrase "under any criminal process," as it is used in MCL 750.197a. Moreover, the few cases that have considered § 197a have been concerned, generally, with issues related to bail jumping. See, e.g., *People v Williams*, 243 Mich App 333, 334-335; 620 NW2d 906 (2000); *People v Pfeiffer*, 177 Mich App 170, 172; 441 NW2d 65 (1989) (two cases in which this Court found the statute applicable to situations where convicted defendants failed to appear for sentencing after being released on bond). Accordingly, our analysis of the phrase "under any criminal process" must be governed by the rules of statutory construction.

The primary goal of judicial interpretation of statutes is to give effect to the intent of the Legislature. *People v Morris*, 450 Mich 316, 326; 537 NW2d 842 (1995); *People v Stephan*, 241 Mich App 482, 496; 616 NW2d 188 (2000). The first criterion in determining intent is the specific language of the statute. *People v Stone*, 234 Mich App 117, 121; 593 NW2d 680 (1999). If statutory language is clear and unambiguous, the court must enforce it as plainly written. *Morris, supra* at 326. Statutory language is clear and unambiguous when reasonable minds could not differ with regard to its meaning. *People v Armstrong*, 212 Mich App 121, 123; 536 NW2d 789 (1995). However, if a statute is susceptible to more than one interpretation, the court must engage in judicial construction and interpret the statute. *Morris, supra* at 326. The court must access the object of the statute and the harm it was designed to remedy and apply a reasonable construction that best accomplishes the purpose of the statute. *People v Adair*, 452 Mich 473, 479-480; 550 NW2d 505 (1996). Provisions of the Penal Code are construed according to the fair import of their terms to effect the purpose of the statute. MCL 750.2; *Morris, supra* at 327; *Armstrong, supra* at 127.

The phrase "under any criminal process" is not defined in the statute. Where the Legislature has not expressly defined the terms used in a statute, a court may turn to dictionary definitions for aid in construing the terms in accordance with their ordinary and generally accepted meanings. *People v Morey*, 461 Mich 325, 330; 603 NW2d 250 (1999). The term "process" is defined in Black's Law Dictionary (7th ed), p 1222, as "[t]he proceedings in any action or prosecution," or as "[a] summons or writ, esp. to appear

or respond in court."[3] The meaning of "criminal process" is more specifically set forth as "[a] process (such as an arrest warrant) that issues to compel a person to answer for a crime."

Consistent with these definitions, many cases use the term "criminal process" when referring to criminal court proceedings, i.e., the prosecution of a defendant, see, e.g., *Taylor, supra*; *People v Solomon (Amended Opinion)*, 220 Mich App 527, 536; 560 NW2d 651 (1996); *People v Bryant*, 80 Mich App 428, 437; 264 NW2d 13 (1978), while many statutes use the term "criminal process" when referencing a summons, see, e.g., MCL 767.92(3)(c); MCL 324.1606(1); MCL 3.258(1). Construing the phrase "under any criminal process" in accord with these conceptualizations, we hold that defendant was not under criminal process when he made his attempt to flee the police car after his arrest without a warrant.[4]

At the time of defendant's action, no court had acquired or exercised jurisdiction over him, nor had any court compelled his appearance through the issuance of a summons. Thus, notwithstanding the fact that this was a lawful arrest without a warrant, criminal proceedings stamped with a court's approval had not yet been initiated against defendant. Our conclusion that the statute refers to individuals who are, in

---

[3] Similarly, Garner, *A Dictionary of Modern Legal Usage* (2d ed, 1995), p 698, identifies the term "process" as having two general meanings, the first being the proceedings in any action or prosecution and the second, the summons by which a person is made to appear in court.

[4] We limit this holding to the situation herein presented, and although we express no opinion regarding the appropriateness of application of this statute to like conduct following an arrest effectuated pursuant to an arrest warrant, we do note that as commonly occurs, it would be appropriate to charge individuals under either circumstance with the offense of resisting or obstructing a police officer, MCL 750.479.

one form or another, already under court order is supported by the additional language of § 197a, which indicates that "under any criminal process" includes "periods while at large on bail."[5] Accordingly, defendant's conviction of, and sentence for, possession with intent to deliver is affirmed; defendant's conviction of escape from lawful custody under any criminal process, pursuant to MCL 750.197a, is vacated.

Affirmed in part, and vacated in part.

McDONALD, P.J., concurred.

METER, J. (*dissenting*). I respectfully dissent, because I believe that construing the phrase "any criminal process" in MCL 750.197a as including a lawful arrest accords with the ordinary meaning of the phrase and best effectuates the purpose of the statute.

As stated by the majority, the term "process" has two general meanings in a legal context, the first being the proceedings in any action or prosecution and the second being the summons by which a person is made to appear in court. An application of either of these general meanings demonstrates that MCL 750.197a did indeed proscribe defendant's conduct in the instant case.

If the first general meaning is applied to MCL 750.197a, then the statute clearly prohibits an escape from police custody during a lawful arrest. Indeed, it cannot be seriously argued that the phrase "proceed-

---

[5] The location of the statute within title 28 provides additional support for the conclusion that it was not intended to proscribe acts of escape by individuals newly arrested, but over whom no court had yet exercised jurisdiction. MCL 750.197a is found in chapter XXXII of the Penal Code, a chapter entitled "ESCAPES, RESCUES, JAIL AND PRISON BREAKING."

ings in a prosecution" excludes a lawful arrest, the essential first step in any prosecution.

If the second general meaning is applied to MCL 750.197a, then the statute again prohibits an escape from police custody during a lawful arrest. Indeed, Black's Law Dictionary (7th ed), p 1222, defines "criminal process" as "[a] process (such as an arrest warrant) that issues to compel a person to answer for a crime." A lawful arrest without a warrant, such as the arrest that took place in the instant case, clearly "compel[s] a person to answer for a crime."[1] Moreover, the Legislature's use of the word "any" before the words "criminal process" in the statute indicates that the statute encompasses a large range of situations, such as an arrest without a warrant.

As noted by the majority, in construing statutes, this Court must assess the object of the statute and apply a reasonable construction that best accomplishes the purpose of the statute. *People v Adair*, 452 Mich 473, 479-480; 550 NW2d 505 (1996). Provisions of the Penal Code are construed according to the fair import of their terms to effectuate the purpose of the statute. MCL 750.2. Given the Legislature's use of the term "any" before the phrase "criminal process," the purpose of MCL 750.197a is clearly to deter and punish a person's escape in a broad range of situations. Construing the phrase "any criminal process" to include a lawful arrest imposes a fair meaning to the phrase, as discussed above, and it better effectuates

---

[1] It would be anomalous indeed to conclude that MCL 750.197a proscribes a person who has been arrested pursuant to a warrant from escaping from police custody but does not similarly proscribe the escape of a person who has been lawfully arrested without a warrant.

the purpose of the statute than using the construction devised by the majority.

I would affirm.