PEOPLE v BROWN

Docket No. 250016. Submitted January 4, 2005, at Lansing. Decided
January 27, 2005, at 9:05 a.m. Leave to appeal sought.

Tommy L. Brown, Jr., pleaded guilty in the Genesee Circuit Court of
driving with a suspended license and causing death, MCL
257.904(4). Brown hit a child who was chasing a ball into the street
and caused fatal injuries to that child. Largely on the basis of a
score of one hundred points for physical injury to a victim, offense
variable 3 (OV 3), MCL 777.33, he was sentenced to a minimum of
forty-eight months in prison, to which no scoring objection was
raised at trial. The Court of Appeals, GAGE, P.J., and FITZGERALD and
SAAD, JJ., denied the defendant's application for leave to appeal
(Docket No. 245529). The Supreme Court remanded the case to
the Court of Appeals for consideration as on leave granted. 469
Mich 860 (2003). On appeal, although the defendant and the
prosecution agreed that the trial court erred in scoring one
hundred points for OV 3, the defendant claimed that OV 3 is
properly scored at zero points and the prosecution claimed that OV
3 is properly scored at twenty five points.

The Court of Appeals *held*:

1. In cases in which, as here, one hundred points cannot be
scored for OV 3 because the sentencing offense is a homicide as
defined by MCL 777.1(c), the appropriate score is zero points.

2. In the absence of an objection below to the scoring error,
review of the issue of sentencing guidelines scoring requires using
the plain error standard from *People v Carines*, 460 Mich 750
(1999). The defendant must demonstrate that error occurred, the
error was plain, and the plain error affected the defendant's
substantial rights. In this case, the defendant has demonstrated
that a plain error occurred and that the error affected his substan-
tial rights in that he received a minimum sentence that was longer
than that authorized by law.

Remanded for resentencing.

SENTENCES — SENTENCING GUIDELINES — OFFENSE VARIABLE 3 — PHYSICAL
INJURY CAUSING DEATH.

Where offense variable 3 (OV 3), physical injury to the victim,
disallows the scoring of one hundred points for the death of a

victim on the basis that the sentencing offense is a homicide, which is defined as any crime in which the death of a human being is an element of that crime, the appropriate sentencing guidelines score for OV 3 is zero points (MCL 777.1[c], 777.33).

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, *Arthur A. Busch*, Prosecuting Attorney, *Donald A. Kuebler*, Chief, Research, Training, and Appeals, and *Vikki Bayeh Haley*, Assistant Prosecuting Attorney, for the people.

*Robin M. Lerg* for the defendant.

Before: JANSEN, P.J., and MURRAY and DONOFRIO, JJ.

PER CURIAM. Defendant appeals as on leave granted his sentence for his plea-based conviction of driving with a suspended license (DWLS) causing death, MCL 257.904(4).[1] The issue before us today is whether the trial court erred in assessing one hundred points under offense variable (OV) 3, and, if so, what the proper score is for OV 3 in this case. We find that the trial court erred in scoring one hundred points under OV 3, and remand this case for resentencing.

I. MATERIAL FACTS AND PROCEEDINGS

Defendant was initially charged with DWLS causing death and with failure to stop at the scene of a personal injury accident, MCL 257.617, in connection with an incident that occurred on May 19, 2001. On July 12, 2002, defendant pleaded guilty to the DWLS charge, and, in exchange, the failure-to-stop charge was dis-

[1] A panel of this Court initially denied defendant's application for leave to appeal in an unpublished order entered February 6, 2003 (Docket No. 245529). In lieu of granting leave to appeal, the Michigan Supreme Court remanded this case to this Court for consideration as on leave granted. 469 Mich 860 (2003).

missed. In connection with the plea, defendant admitted that he was driving with a suspended license while exceeding the speed limit. According to defendant, a ball came into his path, and he paid "very little attention to the ball. And I was gonna just hit the ball and keep going." However, the victim, a young boy, was chasing the ball, and defendant, unable to stop in time, struck the boy, causing fatal injuries.

At sentencing, the prior record variables were scored at seven points and the offense variables were scored at 110 points. The trial court determined that defendant's sentencing score fell in the B-VI range of the sentencing grid for the Class C offense of DWLS causing death. Defendant did not challenge the scoring of the guidelines at sentencing, and the trial court imposed a minimum sentence of forty-eight months' imprisonment.

## II. PRESERVATION AND STANDARD OF REVIEW

The interpretation of a statute involves a question of law, which this Court reviews de novo. *People v Kimble*, 470 Mich 305, 308-309; 684 NW2d 669 (2004). However, because this issue was raised for the first time on appeal, defendant must satisfy the plain error standard set forth in *People v Carines*, 460 Mich 750; 597 NW2d 130 (1999). *Kimble, supra* at 312. Thus, defendant must demonstrate that

> "1) error . . . occurred, 2) the error was plain, i.e., clear or obvious, and 3) the plain error affected substantial rights. The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings. [*Carines, supra* at 763.]" [*Kimble, supra* at 312.]

"In addition, defendant must show that the 'error resulted in the conviction of an actually innocent defendant' or that the 'error "seriously affect[ed] the fair-

ness, integrity or public reputation of judicial proceedings . . . ." ' " *Id.*, quoting *Carines, supra* at 763 (citation deleted).

### III. OV 3

At sentencing, the trial court scored OV 3, physical injury to a victim, at one hundred points. MCL 777.33. Both defendant and the prosecution agree before this Court that OV 3 was erroneously scored at one hundred points.[2] The discrepancy between the parties rests instead on whether OV 3 should have been scored at twenty-five points, as argued by the prosecution, or whether it should have been scored at zero points, as urged by defendant. The answer, of course, lies within the text of MCL 777.33.

"When construing a statute, this Court's primary goal is to give effect to the intent of the Legislature." *People v Morson*, 471 Mich 248, 255; 685 NW2d 203 (2004). We must begin by construing the language of the statute itself. *Id.* Where the language is unambiguous, we must give the words their plain meaning and apply the statute as written. *People v Morey*, 461 Mich 325, 330; 603 NW2d 250 (1999). "If reasonable minds can differ concerning the meaning of a statute, the statute is ambiguous and judicial construction is appropriate." *People v Cardenas*, 263 Mich App 511, 517; 688

[2] A score of one hundred points under OV 3 is appropriate when "[a] victim was killed," and "if death results from the commission of a crime and homicide is not the sentencing offense." MCL 777.33(1)(a) and (2)(b). As used in chapter XVII of the Code of Criminal Procedure, which is the chapter relevant to the offense variables, "homicide" is defined as "any crime in which the death of a human being is an element of that crime." MCL 777.1(c). As the death of a human being is an element of DWLS causing death, MCL 257.904(4), the sentencing offense was a homicide as defined by the statute and OV 3 was erroneously scored at one hundred points.

NW2d 544 (2004), citing *People v Warren*, 462 Mich 415, 427; 615 NW2d 691 (2000). "If a statute is ambiguous, '[t]he court must access [sic, assess] the object of the statute and the harm it was designed to remedy and apply a reasonable construction that best accomplishes the purpose of the statute.' " *Cardenas, supra* at 517, quoting *People v Lawrence*, 246 Mich App 260, 265; 632 NW2d 156 (2001).

MCL 777.33(1) instructs that "[o]ffense variable 3 is physical injury to a victim. Score offense variable 3 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points . . . ."[3] A score of twenty-five points is proper if a "[l]ife threatening or permanent[ly] incapacitating injury occurred to a victim." MCL 777.33(1)(c). A score of zero points is proper when "[n]o physical injury occurred to a victim." MCL 777.33(1)(f).

Although several unpublished opinions have been released by this Court addressing this same issue, there has not been, to date, a definitive answer regarding the issue. While some panels of this Court have determined that a score of twenty-five points is appropriate,[4] sev-

---

[3] MCL 777.33 was first amended by 2000 PA 279, effective July 10, 2000, which provided a score of thirty-five points in instances in which death results from the commission of a crime and the elements of the crime or attempted offense involve the operation of a vehicle, vessel, etc., under the influence or while impaired, thereby causing death. MCL 777.33 was later amended by 2003 PA 134, effective August 1, 2003, relative to a death in this circumstance, increasing the points from thirty-five to fifty. Here, although death resulted from the commission of the crime and the offense involved the operation of a vehicle, defendant was not charged with, and there is no evidence to indicate that he was, operating the vehicle under the influence or while impaired. Thus, a score of thirty-five points is not proper in accordance with the statute.

[4] See *People v Smith*, unpublished opinion per curiam of the Court of Appeals, issued May 20, 2003 (Docket No, 234830); *People v Williams*,

eral other panels of this Court have found that the proper score is zero points.[5]

We hold that in cases in which one hundred points cannot be awarded because the sentencing offense is a homicide as defined by the statute, the appropriate sentencing score for OV 3 is zero points. We find persuasive this Court's analysis in *People v Hauser*, unpublished opinion per curiam of the Court of Appeals, issued October 29, 2002, slip op p 2 (Docket No. 239688):

> The statute in effect offered the following scoring options for OV 3: (a) 100 points if a victim was killed, (b) 25 points if a victim sustained a life-threatening or permanent incapacitating injury, (c) 10 points if a victim sustained bodily injury requiring medical treatment, (d) 5 points if a victim sustained bodily injury not requiring medical treatment, or (e) 0 points if a victim was not injured. MCL 777.33(1). The statute reflects a graduated scale for assessing the harm to the victim. Given that death is assessed the highest number of points and no injury at all is assessed no points, the plain and most reasonable meaning of the intervening sections is that they are meant to apply where there is some harm short of death. Otherwise, a death for which points cannot be assessed under subsection 33(2)(b) could be assessed points under subsections 33(1)(b), (c), or (d) if the victim dies after sustaining some injury. If that were the intent of the Legislature, it would not have

---

unpublished opinion per curiam of the Court of Appeals, issued August 11, 2002 (Docket No. 224727). See also *People v Hauser*, 468 Mich 861, 861-862 (2003) (MARKMAN, J., dissenting from an order denying leave to appeal).

[5] See *People v Stanko*, unpublished opinion per curiam of the Court of Appeals, issued January 27, 2004 (Docket No. 242876); *People v Edelen*, unpublished opinion per curiam of the Court of Appeals, issued December 23, 2003 (Docket No. 242167); *People v Martin*, unpublished opinion per curiam of the Court of Appeals, issued December 13, 2002 (Docket No. 231696); *People v Hauser*, unpublished opinion per curiam of the Court of Appeals, issued October 29, 2002 (Docket No. 239688).

limited the assessment of points for a victim's death to those crimes in which death of a person is not an element, but would have eliminated subsection 33(2)(b) altogether.

This interpretation is supported by the October 2000 amendment of the statute. The amendment provides for additional points for causing death while operating under the influence, which offense would otherwise not be assessed any points. Because the victim did not survive the offense with serious injuries but died, the trial court erred in scoring OV 3.

Such an interpretation clearly represents the intent of the Legislature. Again, because death to a victim is assessed the highest number of points, whereas no physical injury to the victim is assessed zero points, the plain meaning of the intervening sections is that they apply to instances in which there is injury or some harm short of death and not to those instances in which there is some survival just before death. Further, it remains evident from the October 2000 amendment that the Legislature was aware that there was a class of offenses involving death for which one hundred points cannot be scored. Although the Legislature provided that thirty-five points are to be scored when a victim is killed in situations involving the operation of a vehicle by a driver under the influence or while impaired, there remain certain other offenses, such as second-degree murder, manslaughter, negligent homicide, and DWLS causing death, where neither option applies. Thus, in accordance with the language utilized by the Legislature, the proper score for OV 3 in cases where a victim is killed, but the sentencing offense is homicide not falling under MCL 777.33(2)(c), is zero points.

Given the prosecution's concession that the trial court erroneously scored OV 3 at one hundred points, defendant has demonstrated that a plain error occurred. As defendant's OV sentencing score is signifi-

cantly reduced when OV 3 is properly scored at zero points,[6] defendant has further demonstrated that the plain error has affected his substantial rights. As stated in *Kimble*, "It is difficult to imagine what could affect the fairness, integrity and public reputation of judicial proceedings more than sending an individual to prison and depriving him of his liberty for a period longer than [that] authorized by law." *Kimble, supra* at 313. Further, the trial court did not state on the record a substantial and compelling reason for departing from the guidelines. Accordingly, because the trial court erred in scoring the guidelines and, consequently, did not impose a sentence within the applicable guidelines range, we remand this case for resentencing in accordance with the principles set forth in this opinion.

Remanded for resentencing. We do not retain jurisdiction.

---

[6] With the reduction of the OV score, the OV level is reduced from VI to II. MCL 777.64. Under the OV II level, the proper range for the minimum sentence is five to seventeen months, which the forty-eight month minimum sentence exceeds.