# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

MATTHEW JAMES TROJANEK,

       Defendant-Appellant.

UNPUBLISHED
December 13, 2016

No. 326885
Antrim Circuit Court
LC No. 14-004665-FH

Before: M. J. KELLY, P.J., and O'CONNELL and BECKERING, JJ.

PER CURIAM.

Defendant, Matthew James Trojanek, appeals by leave granted[1] his convictions, following a guilty plea, of third-offense domestic violence, MCL 750.81(2), and resisting or obstructing a police officer, MCL 750.81d(1). The trial court sentenced him to serve consecutive terms of 24 to 60 months' imprisonment for his domestic violence conviction and 12 to 24 months' imprisonment for his resisting or obstructing conviction. We affirm defendant's convictions but remand for the trial court to consider the proportionality of its sentence and the reasonableness of the costs it imposed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

At the preliminary hearing in this case, Antrim County Sherriff's Office Deputy Mark McCool testified that he responded to the assault call. The victim reported that Trojanek had yelled at her, punched her in the chest, grabbed her vagina, called her names, pushed her down, choked her with his hands around her neck, threatened to shoot her, threatened to kill her if she called the police on him, and had threatened to kill her many times in the past with what she believed was a 9mm handgun. According to Deputy McCool, the victim informed him at the scene that Trojanek had a handgun in a backpack. The handgun was actually a BB gun that looked like a 9mm handgun. At the preliminary hearing, the victim testified that the incident was her fault and she was mistaken about the incident.

---

[1] *People v Trojanek*, 499 Mich 947 (2016).

Trojanek pleaded guilty to domestic violence. Trojanek also stated that it was true that he resisted or obstructed the Antrim County Sheriff's Department officers, who he knew or should have known were performing their duties. Trojanek elaborated that while being taken to jail, he "got on his cell phone, started making calls. . . . They told me to put the phone away or else they were going to stop the car and take the phone from me." Trojanek refused to put his phone away. When the officers pulled the car over, Trojanek continued talking on the phone, and the officers eventually had to use a Taser on him to get him to relinquish the phone.

Following Trojanek's conviction, he filed a delayed application for leave to appeal. This Court denied Trojanek's application regarding three of his four issues, but remanded for the trial court to consider the reasonableness of its costs. *People v Trojanek*, unpublished order of the Court of Appeals, entered May 27, 2015 (Docket No. 326885). Trojanek appealed to the Michigan Supreme Court, which directed this Court to consider Trojanek's remaining issues as on leave granted. *People v Trojanek*, 499 Mich 947 (2016).

## II. DEPARTURE SENTENCE

Trojanek contends that the trial court erred by sentencing him to a prison sentence when his recommended guidelines range called for an intermediate sanction. We disagree.

Our Legislature has enacted sentencing guidelines. MCL 769.34. Previously, these guidelines required the trial court to provide substantial and compelling reasons to impose a prison sentence instead of an intermediate sanction if the defendant's guidelines called for a sentence of less than 18 months. MCL 769.34(4). However, a trial court need no longer articulate substantial and compelling reasons to depart from the sentencing guidelines because such a requirement is unconstitutional. *People v Lockridge*, 498 Mich 358, 364-365; 870 NW2d 502 (2015). This applies to "any part of MCL 769.34 or another statute that . . . refers to departures from the guidelines . . . ." *Id.* at 365 n 1.

This Court reviews the trial court's decision to depart upward from the sentencing guidelines for reasonableness under an abuse-of-discretion standard. *People v Masroor*, 313 Mich App 358, 373; 880 NW2d 812 (2015). The trial court abuses its discretion when its sentence is not proportional under *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990) and its progeny. *Id.* at 373-374.

> In a nutshell, *Milbourn*'s "principle of proportionality" requires a sentence to be proportionate to the seriousness of the circumstances surrounding the offense and the offender. *Milbourn* instructs that departure sentences are appropriate where the guidelines do not adequately account for important factors legitimately considered at sentencing so that the sentence range calculated under the guidelines is disproportionate, in either direction, to the seriousness of the crime. The *extent* of the departure must also satisfy the principle of proportionality. [*Masroor*, 313 Mich App at 374 (quotation marks and citations omitted).]

When the trial court was unaware of and not bound by the reasonableness standard of review under *Milbourn*, this Court should generally remand for further proceedings. *Id.* at 377.

In this case, the trial court departed from Trojanek's sentencing guidelines by imposing a prison sentence instead of intermediate sanctions for his offenses. Accordingly, we conclude that we must remand for the trial court to determine whether its sentences were proportional.

## III. CONSECUTIVE SENTENCING

Trojanek also argues that the consecutive nature of his sentence was inappropriate because he did not resist or obstruct police officers. Obstruction includes "a knowing failure to comply with a lawful command." *People v Corr*, 287 Mich App 499, 503; 788 NW2d 860 (2010) (quotation marks and citation omitted). A defendant has a common-law right to resist unlawful police conduct. *People v Moreno*, 491 Mich 38, 48; 814 NW2d 624 (2012). The lawfulness of the officer's arrest is an element that the prosecution must prove. *Id*. at 51-52.

In this case, Trojanek admitted at his plea proceeding to failing to comply with the officers' commands. A defendant's plea is sufficient if an inculpatory inference can be drawn from the defendant's statements. *People v Jones*, 190 Mich App 509, 511; 476 NW2d 646 (1991). Trojanek's statements provided the inference that the officers' commands were lawful. Accordingly, we reject his assertion that the trial court improperly imposed consecutive sentences.

## IV. OFFENSE VARIABLE 13

Trojanek contends that the trial court improperly scored offense variable (OV) 13 because he did not engage in a pattern of crimes against the person during the previous five years. We disagree.

The trial court properly scores OV 13 if there was a "continuing pattern of criminal behavior." MCL 777.43. MCL 777.43(1) provides that the trial court must

> [s]core offense variable 13 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points:
>
> * * *
>
> (c) The offense was part of a pattern of felonious criminal activity involving a combination of 3 or more crimes against a person ............... 25 points

For the purposes of OV 13, "all crimes within a 5-year period, including the sentencing offense, shall be counted *regardless of whether the offense resulted in a conviction*." MCL 777.43(2)(a) (emphasis supplied).

In this case, the trial court considered Trojanek's sentencing offense, his prior domestic violence conviction in 2012, and a prior felonious assault of the victim in which Trojanek had pinned her down, held a gun to her head, and said he would kill her. These three offenses were all within the 5-year period. Accordingly, the trial court did not improperly assess 25 points under OV 13.

-3-

Defendant's convictions are affirmed. We remand for the trial court to consider the proportionality of its sentence and to determine whether its imposed costs were reasonably related to its actual costs. We do not retain jurisdiction.

/s/ Michael J. Kelly
/s/ Peter D. O'Connell
/s/ Jane M. Beckering