PEOPLE v BAKER

Docket No. 160645. Submitted August 11, 1994, at Lansing. Decided October 4, 1994, at 9:15 A.M. Leave to appeal sought.

Todd E. Baker, originally charged in the Lenawee Circuit Court, Keneth B. Glaser, Jr., J., with four counts of felonious assault, one count of resisting or obstructing a police officer, and one count of possession of a firearm during the commission of a felony, was convicted by a jury of four counts of reckless or wanton use of a firearm, one count of resisting or obstructing a police officer, and one count of felony-firearm. The defendant appealed.

The Court of Appeals *held:*

The trial court erred, causing manifest injustice to the defendant, in instructing the jury that resisting or obstructing a police officer, a misdemeanor, can serve as the underlying felony for felony-firearm.

Misdemeanor convictions affirmed; case remanded for new trial on felony-firearm charge.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Irving C. Shaw, Jr.,* Prosecuting Attorney, and *Jonathan L. Poer,* Chief Appellate Attorney, for the people.

*Ray G. Tallerday,* for the defendant on appeal.

Before: FITZGERALD, P.J., and BRENNAN and J. M. BATZER,* JJ.

PER CURIAM. Following a jury trial, defendant, who was originally charged with four counts of felonious assault, MCL 750.82; MSA 28.177, one count of resisting or obstructing a police officer, MCL 750.479; MSA 28.747, and one count of pos-

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

session of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2), was convicted of four counts of reckless or wanton use of a firearm, MCL 752.a863; MSA 28.436(24), one count of resisting or obstructing a police officer, and one count of felony-firearm. He was thereafter sentenced to ninety days' imprisonment for each conviction of reckless or wanton use of a firearm, six to twenty-four months' imprisonment for the conviction of resisting and obstructing a police officer, and two years' consecutive imprisonment for the felony-firearm conviction. He now appeals as of right. We affirm in part and remand.

We agree with defendant's position that the provisions of the Penal Code, MCL 750.1 *et seq.*; MSA 28.191 *et seq.*, govern whether resisting arrest is a felony for purposes of the felony-firearm statute. *People v Smith,* 423 Mich 427, 444; 378 NW2d 384 (1985). Under the Penal Code, resisting arrest is a misdemeanor because it is specifically designated as such in MCL 750.479; MSA 28.747. Cf. *People v Alford,* 104 Mich App 255; 304 NW2d 541 (1981). Therefore, the trial court erred when it instructed the jury that resisting arrest could establish the felony element of the felony-firearm charge. This conclusion is consistent with the rule of lenity. *People v Johnson,* 195 Mich App 571, 575; 491 NW2d 622 (1992).

We also find that the instructional error caused manifest injustice to defendant because, although the jury could have rendered inconsistent verdicts by using felonious assault as the underlying felony for felony-firearm, the instructional error pertained to a basic and controlling issue in the case. *People v Van Dorsten,* 441 Mich 540, 544-545; 494 NW2d 737 (1993); *People v Burgess,* 153 Mich App 715, 726; 396 NW2d 814 (1986). We therefore affirm defendant's misdemeanor convictions, but

vacate the felony-firearm conviction and remand for a new trial on that charge.

In view of the above, we do not consider defendant's claim that he was denied the effective assistance of counsel.

Affirmed in part and remanded for a new trial on the felony-firearm charge. We do not retain jurisdiction.