# Syllabus

Chief Justice:
Robert P. Young, Jr.

Justices:
Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano

**This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.**

Reporter of Decisions:
Corbin R. Davis

## ADDISON TOWNSHIP v BARNHART

Docket No. 145144. Argued April 11, 2013. Decided April 1, 2014.

Addison Township issued Jerry Barnhart a misdemeanor citation for operating a shooting range without a zoning compliance permit. The case proceeded to a bench trial in the 52-3 District Court, Julie A. Nicholson, J. After the township presented its case, the court granted defendant's motion for a directed verdict dismissing the case, ruling that defendant's activities were protected under MCL 691.1542a(2). The Oakland Circuit Court, Steven N. Andrews, J., affirmed. In an unpublished opinion per curiam (*Barnhart I*), the Court of Appeals, WILDER, P.J., and CAVANAGH and FORT HOOD, JJ., reversed the dismissal of the citation and remanded the case to the district court for reconsideration in light of the panel's interpretation of the term "sport shooting range" and for a determination whether defendant was in compliance with "generally accepted operation practices" as required by the statute. On remand, the township moved to enforce the ordinance, and defendant moved for a declaratory judgment and dismissal. The district court granted defendant's motion, concluding that defendant was operating a sport shooting range in compliance with generally accepted operation practices. The circuit court, Leo Bowman, J., remanded the case to the district court to examine the provisions of the sport shooting ranges act (SSRA), MCL 691.1541 *et seq.*, as a whole and to consider whether MCL 691.1542a(2) applies to all local ordinances or only those attempting to regulate shooting ranges. On remand, the district court again ruled in favor of defendant. The circuit court reversed, holding that defendant's activities were not protected under MCL 691.1542a. The Court of Appeals, WILDER, P.J., and O'CONNELL and WHITBECK, JJ., affirmed in an unpublished opinion per curiam (*Barnhart II*). The Supreme Court ordered and heard oral argument on whether to grant defendant's application for leave to appeal or take other peremptory action. 493 Mich 860 (2012).

In a unanimous opinion by Justice CAVANAGH, the Supreme Court *held*:

In determining whether a range is a sport shooting range under the SSRA, the focus is on the design and operation of the range, not on the intentions of individual shooters in using the range; a range owner's commercial purpose for operating the range is also irrelevant.

1. Under MCL 691.1542a(2), a sport shooting range that was in existence as of July 5, 1994, that operates in compliance with the generally accepted operation practices—even if not in compliance with an ordinance of a local unit of government—shall be permitted within its

preexisting geographic boundaries to undertake additional actions that are authorized under the generally accepted operation practices, including (1) expanding or increasing its membership or opportunities for public participation, and (2) expanding or increasing events and activities. Under MCL 691.1541(d), a "sport shooting range" is an area designed and operated for the use of archery, rifles, shotguns, pistols, silhouettes, skeet, trap, black powder, or any other similar sport shooting. In determining whether a range is a sport shooting range under the SSRA, the focus is on the design and operation of the range, not on the intentions of individual shooters in using the range. A range owner's commercial purpose for operating the range is also irrelevant. In this case, the parties stipulated that defendant's property was used for recreational and business shooting range purposes before July 5, 1994. Recreational shooting uses started before the business uses, but both came before July 5, 1994. A shooting range designed and operated for recreational shooting activities plainly falls within the scope of sport shooting ranges as contemplated by MCL 691.1541(d). Accordingly, defendant's shooting range existed as a sport shooting range before July 5, 1994. Further, the range continued to meet the definition of a sport shooting range when the township cited defendant in 2005 for operating the range without a zoning compliance permit. To the extent that any evidence could be construed as defendant facilitating individuals' use of his shooting range in a manner that did not involve sport shooting, that evidence was insufficient to conclude that defendant's shooting range ceased to be designed and operated for sport shooting purposes.

2. Generally accepted operation practices are those practices adopted by the Natural Resources Commission that are established by a nationally recognized nonprofit membership organization that provides voluntary firearm safety programs that include training individuals in the safe handling and use of firearms, which practices are developed with consideration of all information reasonably available regarding the operation of shooting ranges. The Natural Resources Commission has stated that the manual developed by the National Rifle Association concerning generally accepted operation practices is advisory and should be considered as providing guidelines for operation rather than absolute requirements. Accordingly, defendant's admitted failure to comply with every provision of the manual does not effectively refute the evidence that defendant's shooting range was in compliance with the generally accepted operation practices. Considering the record evidence, defendant's shooting range was entitled to protection under MCL 691.1542a(2).

Judgment of the Court of Appeals in *Barnhart I* reversed; judgment of the Court of Appeals in *Barnhart II* vacated. Case remanded to the district court for entry of an order dismissing the case.

©2014 State of Michigan

# Opinion

Chief Justice:          Justices:
Robert P. Young, Jr.    Michael F. Cavanagh
                        Stephen J. Markman
                        Mary Beth Kelly
                        Brian K. Zahra
                        Bridget M. McCormack
                        David F. Viviano

FILED APRIL 1, 2014

STATE OF MICHIGAN

SUPREME COURT

ADDISON TOWNSHIP,

> Plaintiff-Appellee,

v                                            No. 145144

JERRY CLINE BARNHART,

> Defendant-Appellant.

BEFORE THE ENTIRE BENCH

CAVANAGH, J.

In this case, at issue is the definition of "sport shooting range" under MCL 691.1541(d) of the sport shooting range act (SSRA), MCL 691.1541 *et seq*. Section 2a(2) of the act, MCL 691.1542a(2), permits certain sport shooting ranges to, among other things, expand opportunities for public participation, even if the range is not in compliance with a local ordinance. We hold that, for MCL 691.1542a(2) to apply to a shooting range, the shooting range must be a "sport shooting range" as defined by MCL 691.1541(d) that also existed as a "sport shooting range" as of the effective date of MCL 691.1542a. Further, a "sport shooting range" under MCL 691.1541(d) must operate in

compliance with generally accepted operation practices to be protected under the SSRA. See MCL 691.15471(a).

The Court of Appeals' interpretation of MCL 691.1541(d) erroneously injected a commercial purpose analysis into the determination whether a shooting range was designed and operated as a sport shooting range. We reverse the judgment of the Court of Appeals in *Addison Twp v Barnhart*, unpublished opinion per curiam of the Court of Appeals, issued March 13, 2008 (Docket No. 272942) (*Barnhart I*), and vacate the judgment of the Court of Appeals in *Addison Twp v Barnhart*, unpublished opinion per curiam of the Court of Appeals, issued April 10, 2012 (Docket No. 301294) (*Barnhart II*). Additionally, considering the record evidence, we hold that defendant's shooting range is entitled to protection under MCL 691.1542a(2), and we remand to the district court for entry of an order dismissing the case.

## I. FACTUAL AND PROCEDURAL HISTORY

This dispute arose out of defendant's operation of a shooting range on his property, allegedly in violation of a local zoning ordinance.[1] In 1993, Addison Township (the Township) approved defendant's request to build a shooting range on his 80-acre property after concerns about defendant's construction of the range were brought to the Township's attention at a public township meeting. Andrew Koski, the Township

---

[1] Defendant was allegedly operating the shooting range in violation of Addison Township's zoning code, Ordinance No. 300, § 27.05, which requires a zoning compliance permit before constructing, altering, or repairing any structure and before changing the use of land or the use of any building. The parties do not dispute that defendant would be subject to the ordinance if MCL 691.1542a(2) does not apply to defendant's shooting range.

2

supervisor, testified that permission had been granted to defendant to build the shooting range because it was agreed that only defendant and his family would use the shooting range. Defendant contends that, during 1993 and 1994, he used the range for competition and other recreational shooting involving family and friends, and that one individual paid him for a class. Defendant admits that, in the following years, he began teaching firearms lessons. Eventually, in 2005, the Township issued defendant a misdemeanor citation for operating the shooting range without a zoning compliance permit.

The case proceeded to trial, and, after the Township presented its case,[2] the district court granted defendant's motion for a directed verdict dismissing the case. The district court ruled that defendant's activities were protected under MCL 691.1542a(2) because it was undisputed that defendant's shooting range was in existence before the effective date of MCL 691.1542a, and defendant was entitled to expand or increase the use of the shooting range for public participation under MCL 691.1542a(2)(c). The circuit court affirmed. The Court of Appeals reversed and remanded the case to the district court for reconsideration in light of the panel's interpretation of "sport shooting range," as defined under MCL 691.1541(d), and to determine whether defendant was in compliance with

---

[2] At trial, Koski testified that around 2004, the Township began receiving complaints regarding defendant's shooting range and that he was shown defendant's advertisements for military training and was aware that people other than defendant and his family were using the shooting range. Koski also testified that defendant had indicated that he might "test[] rifles and other firearm[s] for various different companies . . . ." Sergeant Peter Burkett testified that he and a small group would occasionally use defendant's range for training purposes, but that he had never paid defendant. Specifically, he testified that the sheriff's department used defendant's range only about a dozen times between 1999 and 2002. Also, Burkett stated that when he issued defendant the citation, defendant told him that he and "some military friends" were using the shooting range.

3

"generally accepted operation practices" under MCL 691.1541(a), as required by MCL 691.1542a(2). *Barnhart I*, *supra*.

On remand, the Township moved to enforce the ordinance, and defendant moved for dismissal, arguing that "[s]ince the day his range was opened, [d]efendant, his family and his invited guests have used the range and continue to do so."[3] The district court granted defendant's motion, concluding that the range was protected under the SSRA because defendant operated a sport shooting range. The district court relied on the parties' stipulation that defendant used his property for business and recreational uses. After an evidentiary hearing on the matter, the district court also concluded that defendant was in compliance with generally accepted operation practices. On appeal, the circuit court reversed and remanded the case. On remand, the district court again ruled in favor of defendant, and, on appeal, the circuit court reversed and applied *Barnhart I*'s interpretation of "sport shooting range" to conclude that defendant's activities were not protected under MCL 691.1542a. The circuit court also concluded that, as a result, whether defendant was in compliance with generally accepted operation practices did not need to be decided. Defendant appealed, and the Court of Appeals affirmed on the basis that the district court did not follow the law of the case when applying *Barnhart I*'s interpretation of "sport shooting range." *Barnhart II*, *supra*.

---

[3] At this stage in the litigation, pages from defendant's website were admitted into evidence. The pages advertised defendant's availability to teach tactical shooting classes "in Michigan or [defendant] can travel to your range." The pages from the website also show that defendant was offering to teach "Competition Classes" to students at his range in Michigan and at other facilities provided by the students.

4

We heard oral argument to help us decide whether we should grant defendant's application for leave to appeal or take other action. Specifically, we asked the parties to address "whether the Court of Appeals erred in [*Barnhart I*] when it held that, 'to the extent that there was testimony to suggest that defendant's operation of a shooting range was for business or commercial purposes, MCL 691.1542a(2)(c) does not provide freedom from compliance with local zoning controls.'" *Addison Twp v Barnhart*, 493 Mich 860 (2012).

## II. ANALYSIS

### A. STANDARD OF REVIEW

The interpretation of the SSRA presents a question of law that we review de novo. *Sands Appliance Servs, Inc v Wilson*, 463 Mich 231, 238; 615 NW2d 241 (2000). See, also, *Dressel v Ameribank*, 468 Mich 557, 561; 664 NW2d 151 (2003).

### B. THE SPORT SHOOTING RANGE ACT

The SSRA was enacted in 1989 as a way to address the tension between shooting range owners and their neighbors, which became heightened as a result of urban sprawl. *Ray Twp v B & BS Gun Club*, 226 Mich App 724, 727; 575 NW2d 63 (1997). Originally, the SSRA provided various immunities to shooting range owners. *Id.*, citing MCL 691.1542. In 1994, the Legislature amended the SSRA to expand the protections afforded to shooting ranges. MCL 691.1542a. Section 2a provides two avenues of protection against local ordinances: MCL 691.1542a(1) and MCL 691.1542a(2).

At issue in this case is the protection against local ordinances established for shooting ranges under MCL 691.1542a(2), which states in relevant part:

5

A *sport shooting range that is in existence as of the effective date of this section* and *operates in compliance with generally accepted operation practices*, even if not in compliance with an ordinance of a local unit of government, shall be permitted to do all of the following within its preexisting geographic boundaries if in compliance with generally accepted operation practices:

\* \* \*

(c) Do anything authorized under generally accepted operation practices, including, but not limited to:

(*i*) Expand or increase its membership or opportunities for public participation.

(*ii*) Expand or increase events and activities. [Emphasis added.]

Interpreting these provisions, for a shooting range to fall within the purview of subsection (2) of the SSRA amendment, it must be a "sport shooting range," as defined by MCL 691.1541(d), that also existed as of the effective date of the SSRA amendment, July 5, 1994. Additionally, the sport shooting range must operate in compliance with generally accepted operation practices. MCL 691.1542a(2).[4] See *Tryc v Michigan Veterans' Facility*, 451 Mich 129, 135; 545 NW2d 642 (1996) ("First and foremost, we must give effect to the Legislature's intent" when interpreting a statute, and if the

---

[4] MCL 691.1541(a) defines "generally accepted operation practices" as

those practices adopted by the commission of natural resources that are established by a nationally recognized nonprofit membership organization that provides voluntary firearm safety programs that include training individuals in the safe handling and use of firearms, which practices are developed with consideration of all information reasonably available regarding the operation of shooting ranges. The generally accepted operation practices shall be reviewed at least every 5 years by the commission of natural resources and revised as the commission considers necessary. The commission shall adopt generally accepted operation practices within 90 days of the effective date of section 2a.

6

language is clear and unambiguous, "the plain meaning of the statute reflects the legislative intent and judicial construction is not permitted").

In this case, instead of addressing the district court's conclusion that defendant's activities on the shooting range were protected under MCL 691.1542a(2)(c), the Court of Appeals in *Barnhart I* shifted the focus of the case, interpreting the definition of "sport shooting range" under MCL 691.1541(d). Under MCL 691.1541(d), "sport shooting range" or "range" means "an area designed and operated for the use of archery, rifles, shotguns, pistols, silhouettes, skeet, trap, black powder, or any other similar sport shooting." "[W]hen a statute specifically defines a given term, that definition alone controls." *Tryc*, 451 Mich at 136. Accordingly, we note that, in order for a shooting range to be a sport shooting range, it must have been "designed and operated" for the use of the firearm-related activities that the Legislature referred to in MCL 691.1541(d) of the SSRA. Thus, it is clear that the focus of the Legislature when defining the term "sport shooting range" was on the shooting range's design and operation, which does not turn on individual shooters' intentions for using the shooting range.

Further, because MCL 691.1541(d) defines a "sport shooting range" as "an area designed and operated for the *use of*" various sport shooting activities, a shooting range owner's commercial purpose for operating a shooting range is irrelevant. (Emphasis added.) If a shooting range owner receives or did receive a fee or profit, the shooting range may nevertheless have been designed and operated as a "sport shooting range." Stated differently, a shooting range may meet the statutory definition of a "sport shooting range" under MCL 691.1541(d) despite the fact that the owner of the shooting range profits from operating the shooting range. It is of no consequence in determining the

7

*nature of shooting activities for which the range is designed and operated* that the shooting range owner profits from its operation. Thus, the Court of Appeals erred by concluding that defendant's pecuniary purpose was relevant, let alone dispositive, to the determination whether his shooting range was a sport shooting range as defined by MCL 691.1541(d).

## C. APPLICATION

We must now consider whether defendant's shooting range is entitled to protection under MCL 691.1542a(2). There is no dispute that defendant's shooting range existed before the Legislature enacted MCL 691.1542a.[5] However, as previously stated, in order for a shooting range to be protected under MCL 691.1542a(2), it must be a sport shooting range, as defined under MCL 691.1541(d), that also existed as a sport shooting range as of the July 5, 1994, effective date of MCL 691.1542a. Further, the "sport shooting range" must operate in compliance with the generally accepted operation practices for such ranges.

We find defendant's range satisfies these criteria. On remand, the parties entered into a stipulated order, stating that "the defendant's property was used for recreational and business shooting range purposes, prior to the [SSRA]. Recreational shooting uses started before the business use but both came before the act." (Capitalization altered.) As the district court duly recognized, a shooting range designed and operated for the use of recreational shooting activities plainly falls within the scope of sport shooting ranges

---

[5] Indeed, Koski testified that the shooting range was constructed "[a]bout 1993."

contemplated by MCL 691.1541(d).[6]  Accordingly, we hold that defendant's shooting range existed as a sport shooting range before the effective date of MCL 691.1542a.  See *Dana Corp v Employment Security Comm*, 371 Mich 107, 110; 123 NW2d 277 (1963) ("A party must be able to rest secure on the premise that the stipulated facts and stipulated ultimate conclusionary facts as accepted will be those upon which adjudication is based."); *People v Metamora Water Serv, Inc*, 276 Mich App 376, 385; 741 NW2d 61 (2007) ("The parties may enter into a stipulation to avoid delay, trouble, and expense.  When the parties stipulate a set of facts, the stipulated facts are binding on the court, but stipulations of law are not binding.").

The district court, relying solely on the stipulated order, concluded that defendant's shooting range was entitled to protection under MCL 691.1542a(2), implicitly concluding that defendant's shooting range continued to meet the statutory definition of "sport shooting range" when the Township issued defendant a citation in 2005.  While the district court may have misinterpreted the scope of the stipulation, we nevertheless agree with its conclusion.  We simply do not believe that there is enough evidence indicating that defendant's shooting range stopped being operated within the framework of MCL 691.1541(d) such that defendant's range should be deprived of

---

[6] From the parties' various arguments presented in the lower courts, it is clear that when referring to "business" purposes the parties were stipulating that defendant used his range for commercial profit.  For example, at a motion hearing in the circuit court after remand, the Township's attorney stated that the shooting range was "operating for a commercial purpose," and defendant's attorney stated that the parties had stipulated to "a business use, a commercial use if you defined it as money."  Because we hold that defendant's commercial purpose has no bearing on whether his shooting range was a sport shooting range under MCL 691.1541(d), that aspect of the stipulation is immaterial.

9

protection under MCL 691.1542a(2).  For example, the Township appears to have never contested that defendant continued to make his shooting range available to his family and friends to engage in sport shooting.  Also, the record shows that defendant has used his range to offer various shooting-related classes, including competitive shooting classes that comprise sport shooting activities contemplated by MCL 691.1541(d).  To the extent that any evidence could be construed as defendant facilitating individuals' use of his shooting range in a manner that does not involve sport shooting, that evidence is insufficient to conclude that defendant's shooting range ceased to be designed and operated for sport shooting purposes.[7]

Furthermore, we recognize that the issue whether defendant's shooting range was in compliance with the generally accepted operation practices has not received appellate review.  However, we find no reason to hold that the district court erred by concluding that defendant's range was in compliance with such practices.  Like the district court, we find persuasive Acting Lt. Andrew Turner's affidavit and letter stating that defendant was in compliance with the generally accepted operation practices.  Also, the Township

---

[7] Moreover, while we recognize that not every member of this Court finds all the varying forms of legislative history particularly relevant in ascertaining legislative intent, in this particular case, it is still worth noting that our holding is consistent not only with the language of the SSRA, but also with the legislative history of MCL 691.1542a.  See, e.g., House Legislative Analysis, SB 788 and SB 789, June 14, 1994 (noting in the section of the analysis outlining arguments for the bill that "[s]hooting ranges are often the sites of gun and hunter safety courses and shooting instruction, and law enforcement training").  We also again note that the focus of MCL 691.1541(d) is on how the shooting range was designed and operated.  As such, it matters little whether any individuals used or use defendant's shooting range to engage in activities contemplated under MCL 691.1541(d) for reasons that they themselves may not consider "sport," such as self-defense training.

10

appears to have merely asserted that because defendant testified that he failed to meet several technical, and some discretionary, requirements in the National Rifle Association's Manual (the Manual), defendant was not operating his shooting range in compliance with generally accepted operation practices. However, the district court considered defendant's testimony and nonetheless found in favor of defendant. The court relied heavily on the Department of Natural Resources' memorandum to the Natural Resources Commission (the body charged with adopting generally accepted operation practices under MCL 691.1541(a)), which stated, in part, that the Manual was "designed to provide guidance and direction to a broad variety of the sport/recreational shooting community," and the "information contained within [the Manual] is advisory and should be considered guidelines rather than absolute requirements . . . ." We agree that this evidence suggests that defendant's admitted failure to comply with every provision of the Manual does not effectively refute the evidence that defendant's shooting range was in compliance with the generally accepted operation practices.

## III. CONCLUSION

We hold that in order for MCL 691.1542a(2) to apply to a shooting range, it must (1) be a sport shooting range that also existed as a sport shooting range as of July 5, 1994, and (2) the sport shooting range must operate in compliance with the generally accepted operation practices. The Court of Appeals erred in interpreting MCL 691.1541(d) when it held that a shooting range owner cannot have a commercial purpose in operating a sport shooting range. We reverse the judgment of the Court of Appeals in *Barnhart I* and vacate the judgment of the Court of Appeals in *Barnhart II*. After considering the

11

evidence in the record, we hold that defendant's shooting range is entitled to protection under MCL 691.1542a(2). Accordingly, we remand to the district court for entry of an order dismissing the case.

Michael F. Cavanagh
Robert P. Young, Jr.
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano