# Syllabus

Chief Justice:
Stephen J. Markman

Justices:
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Kurtis T. Wilder
Elizabeth T. Clement

**This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.**

Reporter of Decisions:
Kathryn L. Loomis

## PEOPLE v WASHINGTON

Docket No. 156283. Argued on application for leave to appeal April 11, 2018. Decided June 12, 2018.

Tarone D. Washington was convicted in the Berrien Circuit Court, Charles T. LaSata, J., of keeping or maintaining a drug house in violation of MCL 333.7405(1)(d), carrying or possessing a firearm when committing or attempting to commit a felony (felony-firearm) in violation of MCL 750.227b, possession of marijuana in violation of MCL 333.7403(2)(d), and receiving and concealing a stolen firearm in violation of MCL 750.535b. Defendant's conviction for keeping and maintaining a drug house served as the predicate felony for his felony-firearm conviction. Defendant appealed, challenging the sufficiency of the evidence to support his convictions. After additional briefing by the parties, the Court of Appeals, MURPHY, P.J., and SAWYER, J. (SWARTZLE, J., concurring in part and dissenting in part), vacated defendant's felony-firearm conviction but affirmed the remaining convictions in an unpublished per curiam opinion, issued July 6, 2017 (Docket No. 330345). The Court of Appeals majority concluded that the misdemeanor offense of keeping or maintaining a drug house was not a "felony" for purposes of the Michigan Penal Code, MCL 750.1 *et seq*., and therefore could not serve as the predicate felony for a felony-firearm conviction. The majority concluded that it was compelled to reach this outcome given the Supreme Court's decision in *People v Smith*, 423 Mich 427 (1985)—which the majority claimed stood for the proposition that crimes labeled as misdemeanors are misdemeanors for purposes of the Penal Code regardless of where that offense is found in the law—and the Court of Appeals' decisions in *People v Williams*, 243 Mich App 333 (2000), and *People v Baker*, 207 Mich App 224 (1994)—both holding that an offense explicitly labeled as a misdemeanor in the Penal Code but punishable by up to two years' imprisonment could not serve as the predicate felony for a different offense in the Penal Code. In a partial dissent, Judge SWARTZLE concurred in affirming three of defendant's convictions but disagreed with the majority that vacating the felony-firearm conviction was required by *Smith*, *Williams*, or *Baker*. Judge SWARTZLE concluded that the general definition of felony in the Penal Code, where the primary offense of felony-firearm is located, trumps the misdemeanor label for the underlying offense of keeping or maintaining a drug house in the Public Health Code, MCL 333.1101 *et seq*. And because keeping or maintaining a drug house is punishable by up to two years' imprisonment, it meets the definition of "felony" in the Penal Code and can serve as the predicate felony for purposes of a felony-firearm conviction. Furthermore, Judge SWARTZLE distinguished *Williams* and *Baker* from the instant matter because both those cases dealt with primary and underlying offenses in the Penal Code, whereas the instant case involves a primary

offense in the Penal Code and an underlying offense in the Public Health Code.  The prosecution sought leave to appeal, and the Supreme Court ordered and heard oral argument on whether to grant the application or take other action.  501 Mich 942 (2017).

In a unanimous opinion by Justice ZAHRA, the Supreme Court, in lieu of granting leave to appeal, *held*:

Whether a person is guilty of felony-firearm under the Penal Code depends on whether that person committed or attempted to commit a "felony" when he or she was carrying or possessing a firearm.  The Penal Code defines "felony" as an offense punishable by imprisonment in a state prison.  Although the Legislature intended the offense of keeping or maintaining a drug house to be a misdemeanor for purposes of the Public Health Code, that offense is punishable by imprisonment in a state prison, and therefore it satisfies the definition of "felony" in the Penal Code and may serve as the predicate felony for a felony-firearm conviction.  Thus, under the clear and unambiguous language of the Penal Code, a person who carries or possesses a firearm when keeping or maintaining a drug house is guilty of felony-firearm.

1.  Under MCL 750.227b(1) of the Michigan Penal Code, a person who carries or has in his or her possession a firearm when he or she commits or attempts to commit a felony is guilty of a felony.  Under MCL 750.7, the term "felony" in the Penal Code must be interpreted to mean an offense that is punishable by imprisonment in a state prison upon the defendant's conviction.  Therefore, whether an offense satisfies the Penal Code's definition of a "felony" is dependent upon the correctional institution in which a defendant could be imprisoned upon conviction.  Under MCL 769.28 of the Michigan Code of Criminal Procedure, a defendant may be imprisoned in a state prison if the punishment for the offense is more than one year's imprisonment.  Accordingly, a person is guilty of felony-firearm under the Penal Code if he or she carries or possesses a firearm when committing or attempting to commit an offense that is punishable by imprisonment for more than one year.  Under MCL 333.7405(1)(d) of the Public Health Code, a person shall not knowingly keep or maintain a drug house.  Under MCL 333.7406, this offense is punishable by imprisonment for not more than two years if the defendant is found to have knowingly or intentionally violated MCL 333.7405(1)(d).  Because the offense of keeping or maintaining a drug house is punishable by imprisonment for more than one year, the offense is necessarily punishable by imprisonment in a state prison.  And because this offense is punishable by imprisonment in a state prison, it undeniably meets the definition of "felony" in the Penal Code.  Accordingly, under the clear and unambiguous language of the Penal Code, a person is guilty of felony-firearm if he or she carries or possesses a firearm when keeping or maintaining a drug house.

2.  Definitions and labels in one code apply only to that particular code; they are not to be transferred and applied to other codes.  In other words, an offense expressly labeled a misdemeanor in one code does not necessarily mean the same offense is a misdemeanor for purposes of interpreting and applying a different code.  Rather, whether a misdemeanor offense in one code is a misdemeanor or a felony in another code may depend on the latter code's definitions.  The *Smith* Court held that although two-year misdemeanors in the Penal Code might be considered misdemeanors for purposes of the Penal Code, when it comes to interpreting and applying provisions in the Code of Criminal Procedure, those same two-year misdemeanors must be considered felonies because they are punishable by more than one year's imprisonment under

the latter code's definition of "felony," regardless of those offenses' "misdemeanor" labels. The logic and rationale of *Smith* applied equally to the present situation. The clear and unambiguous language of the Penal Code defines a "felony" as an offense punishable by imprisonment in a state prison. There was no dispute that the offense of keeping or maintaining a drug house is punishable by imprisonment in a state prison. Therefore, a person is guilty of felony-firearm under the Penal Code if he or she carries or possesses a firearm when keeping or maintaining a drug house, regardless of the label the Legislature gave this offense in the Public Health Code. This outcome was entirely consistent with the reasoning in *Smith*.

3. The portion of a sentence in the introductory section of *Smith* stating that the "Legislature intended two-year misdemeanors to be considered as misdemeanors for purposes of the Penal Code" did not alter the outcome in this case for two reasons. First, the *Smith* Court was tasked with deciding whether two-year misdemeanors in the Penal Code could be considered felonies for purposes of the Code of Criminal Procedure. Accordingly, the *Smith* Court did not need to opine on whether two-year misdemeanors should be considered misdemeanors for purposes of the Penal Code, and any assertion of legislative intent to that effect in *Smith* was therefore obiter dictum. Because obiter dictum is nonbinding, the portion of that sentence in the introductory section of *Smith* exerted no influence on the present matter. Second, even if this sentence was not dictum, the Court of Appeals majority failed to fully appreciate the context in which the introductory statement was made; the statutes that are mentioned in that sentence were statutes in the Penal Code and the Code of Criminal Procedure. Because the two-year misdemeanors at issue in *Smith* were those in the Penal Code, the proper inference to be drawn from this sentence was that the Legislature intended two-year misdemeanors *in the Penal Code* to be considered as misdemeanors *for purposes of the Penal Code*. The focus of the inquiry in *Smith* was on two-year misdemeanors specifically located in the Penal Code, not two-year misdemeanors in general. Therefore, the Court of Appeals majority erred by concluding that, pursuant to *Smith*, the offense of keeping or maintaining a drug house in the Public Health Code must be treated as a misdemeanor for purposes of the Penal Code.

Court of Appeals' judgment reversed to the extent that it reached a contrary conclusion; defendant's felony-firearm conviction reinstated; case remanded to the Court of Appeals to address defendant's remaining arguments.

©2018 State of Michigan

# OPINION

Chief Justice:
Stephen J. Markman

Justices:
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Kurtis T. Wilder
Elizabeth T. Clement

FILED June 12, 2018

STATE OF MICHIGAN

SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellant,

v                             No. 156283

TARONE D. WASHINGTON,

      Defendant-Appellee.

BEFORE THE ENTIRE BENCH

ZAHRA, J.

Under the Michigan Penal Code, a person is guilty of the offense of felony-firearm if he or she carries or possesses a firearm when committing or attempting to commit a felony. For purposes of the Penal Code, a "felony" is an offense that is punishable by imprisonment in a state prison. Under Michigan's Public Health Code, a person is guilty of a misdemeanor if he or she knowingly or intentionally keeps or maintains a drug house. This offense, however, is punishable by imprisonment in a state prison. The issue

presented in this case is whether a person is guilty of felony-firearm if he or she carries or possesses a firearm when keeping or maintaining a drug house.

In an unpublished, split decision, the Court of Appeals majority concluded that the misdemeanor offense of keeping or maintaining a drug house is not a "felony" for purposes of the Penal Code and, therefore, cannot serve as the predicate felony for a felony-firearm conviction. The majority concluded that it was compelled to reach this outcome given this Court's decision in *People v Smith*[1] as well as its own decisions in *People v Williams*[2] and *People v Baker*.[3] In a partial dissent, Judge SWARTZLE explained why the offense of keeping or maintaining a drug house, which satisfies the definition of "felony" in the Penal Code, can be treated as the underlying felony for felony-firearm in the Penal Code notwithstanding *Smith*, *Williams*, and *Baker*.

For the reasons discussed in this opinion, we reverse the Court of Appeals. When the government charges a criminal defendant with felony-firearm under the Penal Code, this Court must look to the Penal Code to ascertain the meaning of the word "felony," which is defined as an offense punishable by imprisonment in state prison. Although the Legislature intended the offense of keeping or maintaining a drug house to be a misdemeanor for purposes of the Public Health Code, that offense is punishable by imprisonment in a state prison, and, therefore, it unquestionably satisfies the definition of

---

[1] *People v Smith*, 423 Mich 427; 378 NW2d 384 (1985).

[2] *People v Williams*, 243 Mich App 333; 620 NW2d 906 (2000).

[3] *People v Baker*, 207 Mich App 224; 523 NW2d 882 (1994).

2

"felony" in the Penal Code. Thus, under the clear and unambiguous language of the Penal Code, which this Court must apply as written, a person who carries or possesses a firearm when keeping or maintaining a drug house is guilty of felony-firearm.

We reverse the portion of the Court of Appeals' judgment that reached the contrary conclusion, reinstate defendant's felony-firearm conviction, and remand this case to the Court of Appeals to consider defendant's remaining arguments.

## I. FACTS AND PROCEEDINGS

Following a jury trial, defendant, Tarone D. Washington, was convicted of keeping or maintaining a drug house in violation of MCL 333.7405(1)(d), felony-firearm in violation of MCL 750.227b, possession of marijuana in violation of MCL 333.7403(2)(d), and receiving and concealing a stolen firearm in violation of MCL 750.535b. Defendant's conviction for keeping and maintaining a drug house served as the predicate felony for his felony-firearm conviction.

On direct appeal, defendant challenged the sufficiency of the evidence to support his convictions.[4] After additional briefing by the parties,[5] the Court of Appeals vacated

---

[4] Defendant also raised a claim of prosecutorial misconduct, argued that the prosecutor failed to file a timely habitual-offender notice, and objected to various alleged inaccuracies in the presentence investigation report, all of which were rejected by the Court of Appeals.

[5] The Court of Appeals sua sponte ordered the parties to submit supplemental briefs addressing whether a "conviction for keeping or maintaining a drug house, MCL 333.7405(1)(d), a misdemeanor punishable by up to 2 years in prison, when enhanced under the habitual offender statute, MCL 769.10, constitute[s] a predicate felony for purposes of the offense of possession of a firearm during the commission of a felony,

3

defendant's felony-firearm conviction but affirmed the remaining convictions.[6]

In vacating defendant's felony-firearm conviction, the Court of Appeals majority relied on our decision in *Smith*, which held that offenses labeled as misdemeanors in the Penal Code but punishable by up to two years' imprisonment can be treated as felonies for purposes of the habitual-offender, probation, and consecutive-sentencing statutes in the Code of Criminal Procedure.[7] The majority claimed, however, that *Smith* stands for the proposition that "crimes labelled misdemeanors are misdemeanors for purposes of the Penal Code," regardless of where that offense is found in the law.[8] In further support of its assertion, the majority relied on the Court of Appeals' decisions in *Williams* and *Baker*,[9] both of which held that an offense explicitly labeled as a "misdemeanor" in the Penal Code but punishable by up to two years' imprisonment could not serve as the predicate "felony" for a different offense in the Penal Code.[10]

MCL 750.227b." *People v Washington*, unpublished order of the Court of Appeals, entered January 12, 2017 (Docket No. 330345).

[6] *People v Washington*, unpublished per curiam opinion of the Court of Appeals, issued July 6, 2017 (Docket No. 330345).

[7] *Id*. at 7, citing *Smith*, 423 Mich at 439-440 (opinion by WILLIAMS, C.J.), MCL 769.10, MCL 769.11, MCL 769.12 (habitual offender), MCL 771.2 (probation), and MCL 768.7b (consecutive sentences).

[8] *Washington*, unpub op at 9.

[9] *See id*. at 7-8.

[10] In *Williams*, the Court of Appeals held that the then "misdemeanor" of resisting or obstructing a police officer found in the Penal Code, which was punishable by two years' imprisonment, could not "serve as a felony for purposes of establishing the crime of absconding on a felony bond" in the Penal Code. *Williams*, 243 Mich App at 335. And

4

According to the majority, only by applying the Michigan Code of Criminal Procedure's definition of "felony" can the misdemeanor offense of keeping or maintaining a drug house be treated as a felony for purposes of a felony-firearm conviction.[11]  This would be impermissible, said the majority, because that definition "cannot be used to make a two-year misdemeanor offense that is located in a different act, such as the Penal Code or the Public Health Code into a felony[.]"[12]  Thus, the majority concluded that defendant's conviction for keeping or maintaining a drug house could not serve as the underlying felony for his felony-firearm conviction because the offense is a misdemeanor, not a felony.[13]

The majority nonetheless indicated that had it been writing on a proverbial "blank slate," it would have concluded that a "two-year misdemeanor qualifies as a felony for purposes of the felony-firearm statute" because the "offense of felony-firearm is found in

---

in *Baker*, the Court of Appeals concluded that the "trial court erred when it instructed the jury that resisting arrest could establish the felony element of the felony-firearm charge" because the "provisions of the Penal Code govern whether resisting arrest is a felony for purposes of the felony-firearm statute" and that "[u]nder the Penal Code, resisting arrest is a misdemeanor because it is specifically designated as such . . . ." *Baker*, 207 Mich App at 225 (citation omitted).

[11] *Washington*, unpub op at 8.

[12] *Id*. at 9.

[13] *Id*. at 10, citing *Williams*, 243 Mich App at 335, and *Baker*, 207 Mich App at 225-226.

5

the Penal Code and, therefore, [it] should apply the definition of 'felony' found in the Penal Code."[14]

Although he concurred in affirming three of defendant's convictions, Judge SWARTZLE disagreed with the majority that vacating the felony-firearm conviction was required by *Smith*, *Williams*, or *Baker*. In his partial dissent, Judge SWARTZLE read our decision in *Smith* as establishing the following general proposition:

> Definitions and labels in a code apply to and throughout that code, but that code alone. When a primary offense and underlying offense are located in the same code, then any conflict is resolved through traditional rules of statutory construction. When the two offenses are located in different codes, the definitions and labels in the primary offense code trump those in the other code.[15]

Based on this proposition, Judge SWARTZLE concluded that the general definition of felony in the Penal Code, where the primary offense of felony-firearm is located, trumps the misdemeanor label for the underlying offense of keeping or maintaining a drug house in the Public Health Code.[16] And because keeping or maintaining a drug house is punishable by up to two years' imprisonment, it meets the definition of "felony" in the Penal Code and can serve as the predicate felony for purposes of a felony-firearm conviction.[17] He further used this proposition to distinguish *Williams* and *Baker* from the

---

[14] *Washington*, unpub op at 9-10.

[15] *Washington* (SWARTZLE, J., concurring in part and dissenting in part), unpub op at 2.

[16] *Id*. at 5.

[17] *Id*. at 6-7.

present matter because both of those cases dealt with primary and underlying offenses in the Penal Code, whereas this case involves a primary offense in the Penal Code and an underlying offense in the Public Health Code.[18]  Therefore, Judge SWARTZLE would have affirmed on all counts.[19]

The prosecutor thereafter sought leave to appeal in this Court.  We directed the Clerk to schedule oral argument on whether to grant the application or take other action.[20]

## II.  STANDARD OF REVIEW AND RULES OF STATUTORY INTERPRETATION

Questions of statutory interpretation are reviewed de novo.[21]  When interpreting a statute, this Court's primary goal is to " 'ascertain the legislative intent that may reasonably be inferred from the words in [the] statute.' "[22]  This Court gives effect to every word, phrase, and clause in a statute—and, in particular, considers the plain

---

[18] *Id*. at 5.  In further support of his position, Judge SWARTZLE referred to an unpublished opinion of the Court of Appeals that held that a defendant's conviction for felony-firearm based on the predicate conviction of possession of marijuana, second offense, was valid, even though possession of marijuana is expressly designated as a misdemeanor under the Public Health Code.  See *id*. at 5-6, citing *People v Thomas*, unpublished per curiam opinion of the Court of Appeals, issued October 23, 2008 (Docket No. 279439), p 2.

[19] *Washington* (SWARTZLE, J., concurring in part and dissenting in part), unpub op at 7.

[20] *People v Washington*, 501 Mich 942 (2017).

[21] *Covenant Med Ctr, Inc v State Farm Mut Auto Ins Co*, 500 Mich 191, 199; 895 NW2d 490 (2017).  Although defendant is correct that the issue presented in this appeal was not preserved, this Court can consider an "unpreserved issue if it is one of law and the facts necessary for resolution of the issue have been presented," as is the case here.  *McNeil v Charlevoix Co*, 484 Mich 69, 81 n 8; 772 NW2d 18 (2009).

[22] *Covenant Med Ctr*, 500 Mich at 199, quoting *People v Couzens*, 480 Mich 240, 249; 747 NW2d 849 (2008).

7

meaning of the critical word or phrase as well as its placement and purpose in the statutory scheme—to avoid rendering any part of the statute nugatory or surplusage if at all possible.[23]  If the statute's language is clear and unambiguous, then the statute must be enforced as written.[24]  A necessary corollary of this principle is that a " 'court may read nothing into an unambiguous statute that is not within the manifest intent of the Legislature as derived from the words of the statute itself.' "[25]

## III.  ANALYSIS

The Michigan Penal Code[26] provides that a "person who carries or has in his or her possession a firearm when he or she commits or attempts to commit a felony . . . is guilty of a felony . . . ."[27]  This offense is colloquially referred to as felony-firearm.  As mandated by the Legislature, this Court must interpret the term "felony" in the Penal Code to mean an offense that is punishable "by imprisonment in state prison" upon the defendant's conviction.[28]  Thus, whether an offense satisfies the Penal Code's definition

---

[23] See *SBC Health Midwest, Inc v City of Kentwood*, 500 Mich 65, 70-71; 894 NW2d 535 (2017); *State Bd of Ed v Houghton Lake Community Sch*, 430 Mich 658, 671; 425 NW2d 80 (1988).

[24] *Covenant Med Ctr*, 500 Mich at 199.

[25] *Id*., quoting *Roberts v Mecosta Co Gen Hosp*, 466 Mich 57, 63; 642 NW2d 663 (2002).

[26] MCL 750.1 *et seq*.

[27] MCL 750.227b(1).  While there are exceptions when it comes to certain underlying offenses, see *id*., those offenses are not applicable here.

[28] MCL 750.7 ("The term 'felony' when used in this act, *shall* be construed to mean an offense for which the offender, on conviction may be punished . . . by imprisonment in

8

of a "felony" is dependent upon the correctional institution in which a defendant could be imprisoned upon conviction.

According to Michigan's Code of Criminal Procedure,[29] a defendant may be imprisoned in a "state penal institution," as opposed to a "county jail," if the punishment for the offense is more than one year's imprisonment.[30]  In other words, an offense

---

state prison.") (emphasis added); see also MCL 750.2 ("The rule that a penal statute is to be strictly construed shall not apply to this act or any of the provisions thereof.  All provisions of this act shall be construed according to the fair import of their terms, to promote justice and to effect the objects of the law.").  The Penal Code also defines the term "felony" to mean an offense that is punishable "by death" upon the defendant's conviction.  MCL 750.7  Because capital punishment has been abolished in the state of Michigan, see generally Wanger, *Historical Reflections on Michigan's Abolition of the Death Penalty*, 13 TM Cooley L Rev 755 (1996), and because the offense of keeping or maintaining a drug house is not punishable by death, see MCL 333.7406, this portion of MCL 750.7 is not applicable.  Misdemeanors, on the other hand, are defined in the Penal Code as any nonfelonious offenses, MCL 750.8 ("When any act or omission, *not a felony*, is punishable according to law, by a fine, penalty or forfeiture, and imprisonment, or by such fine, penalty or forfeiture, or imprisonment, in the discretion of the court, such act or omission shall be deemed a misdemeanor.") (emphasis added), as well as criminal offenses for which there is no express punishment provided for in the relevant statutes, MCL 750.9 ("When the performance of any act is prohibited by this or any other statute, and no penalty for the violation of such statute is imposed, either in the same section containing such prohibition, or in any other section or statute, the doing of such act shall be deemed a misdemeanor.").

[29] MCL 760.1 *et seq*.  This Court has previously recognized that although the Penal Code and the Code of Criminal Procedure "were separately enacted and have distinct purposes," the two codes "relate generally to the same thing and must therefore be read *in pari materia . . . .*"  *Smith*, 423 Mich at 442 (opinion by WILLIAMS, C.J.).

[30] MCL 769.28 ("Notwithstanding any provision of law to the contrary, if a person convicted of a crime or contempt of court is committed or sentenced to imprisonment for a maximum of 1 year or less, the commitment or sentence shall be to the county jail of the county in which the person was convicted and not to a state penal institution."); see also *People v Weatherford*, 193 Mich App 115, 117; 483 NW2d 924 (1992) ("Michigan courts consistently have interpreted [MCL 769.28] to require that crimes for which the

punishable by more than one year's imprisonment would be an offense for which an individual may be imprisoned in a state prison.[31]  Accordingly, the Legislature clearly expressed its intent that a person is guilty of felony-firearm under the Penal Code if he or she carries or possesses a firearm when committing or attempting to commit an offense that is punishable by imprisonment for more than one year.  With this in mind, we now turn to the primary issue in this appeal: whether keeping or maintaining a drug house can be treated as the predicate felony for a felony-firearm conviction.

Under Michigan's Public Health Code,[32] a person shall not

> [k]nowingly keep or maintain a store, shop, warehouse, dwelling, building, vehicle, boat, aircraft, or other structure or place that is frequented by persons using controlled substances in violation of this article for the purpose of using controlled substances or that is used for keeping or selling controlled substances in violation of this article.[33]

---

punishment is one year or less be punished by imprisonment in the county jail and not in the state prison system."), and the cases cited in *Weatherford*.

[31] Hence the Code of Criminal Procedure's definition of "felony" as including a violation of Michigan's penal law that is punishable by "imprisonment for more than 1 year . . . ." MCL 761.1(f).  Notably, the code also defines "felony" as "an offense expressly designated by law to be a felony."  *Id*.  Although the code provides a definition for "misdemeanor," see MCL 761.1(n) (" 'Misdemeanor' means a violation of a penal law of this state that is not a felony or a violation of an order, rule, or regulation of a state agency that is punishable by imprisonment or a fine that is not a civil fine."), that definition does not include the same "expressly designated by law" language.

[32] MCL 333.1101 *et seq*.

[33] MCL 333.7405(1)(d).  As the Court of Appeals correctly notes, this provision was amended after defendant's conviction, see 2016 PA 49, but those minor changes do not alter the provision's substantive meaning.

10

This offense is "punishable by imprisonment for not more than 2 years" if the defendant is found to have "knowingly or intentionally" violated this provision of the Public Health Code.[34]

Given the Public Health Code's clear and unequivocal language, the offense of keeping or maintaining a drug house is punishable by imprisonment for more than one year, which necessarily means that the offense is punishable by imprisonment in a state prison.[35] And because this offense is punishable by imprisonment in a state prison, it undeniably meets the definition of "felony" in the Penal Code. Accordingly, under the clear and unambiguous language of the Penal Code, a person is guilty of felony-firearm if he or she carries or possesses a firearm when keeping or maintaining a drug house.

While this outcome would be otherwise unobjectionable, there is a purported conflict between the Penal Code and the Public Health Code. Although it did not provide definitions for either "felony" or "misdemeanor," the Legislature expressly intended the offense of keeping or maintaining a drug house to be considered a "misdemeanor" for purposes of the Public Health Code, notwithstanding the accompanying punishment.[36]

---

[34] MCL 333.7406. Misdemeanors that are punishable by up to two years' imprisonment are colloquially referred to as "two-year," "circuit court," or "high" misdemeanors. See *Smith*, 423 Mich at 438 (opinion by WILLIAMS, C.J.).

[35] The parties do not dispute that the offense of keeping or maintaining a drug house is punishable by imprisonment in a state prison.

[36] MCL 333.7406 ("A person who violates section 7405 may be punished by a civil fine of not more than $25,000.00 in a proceeding in the circuit court. However, if the violation is prosecuted by a criminal indictment alleging that the violation was committed knowingly or intentionally, and the trier of the fact specifically finds that the violation was committed knowingly or intentionally, the person is guilty of a *misdemeanor*,

11

Because the offense is explicitly labeled a misdemeanor, both defendant and the Court of Appeals majority surmise that it cannot serve as the predicate felony for a felony-firearm charge brought under the Penal Code. We disagree.

This issue of statutory interpretation is strikingly similar to the one this Court addressed in *Smith*, which involved a purported conflict between provisions in the Penal Code that expressly labeled certain offenses punishable by up to two years' imprisonment as misdemeanors and the provision in the Code of Criminal Procedure that defines offenses punishable by more than one year as felonies. More specifically, we had to decide whether two-year misdemeanors in the Penal Code could be treated as felonies for the purpose of applying the habitual-offender, probation, and consecutive-sentencing provisions of the Code of Criminal Procedure, all of which required the commission of an underlying felony to be operable.

In concluding that they could be treated as felonies, we made it abundantly clear that definitions and labels in one code apply only to that particular code; they are not to be transferred and applied to other codes.[37] In other words, an offense expressly labeled a

---

punishable by imprisonment for not more than 2 years, or a fine of not more than $25,000.00, or both.") (emphasis added).

[37] *See, e.g., Smith*, 423 Mich at 443 (opinion by WILLIAMS, C.J.) ("The Legislature clearly expressed its intent that offenses punishable by more than one year of imprisonment be treated as 'felonies' throughout the Code of Criminal Procedure."); *id*. at 444 ("It is obvious that the Penal Code definitions apply only to the Penal Code. Similarly, the definitions of the Code of Criminal Procedure are limited in application to that code. To apply the definition of misdemeanor in one statute to the operations of the other statute would defeat the purposes of the other statute."); *id*. at 445 ("The label placed upon an offense in the Penal Code is just as irrelevant in determining statutorily mandated post-conviction procedures in the Code of Criminal Procedure as it is in

misdemeanor in one code does not necessarily mean the same offense is a misdemeanor for purposes of interpreting and applying a different code. Rather, whether a misdemeanor offense in one code is a misdemeanor or a felony in another code may depend on the latter code's definitions. Although two-year misdemeanors in the Penal Code might be considered misdemeanors for purposes of the Penal Code, when it comes to interpreting and applying provisions in the Code of Criminal Procedure, we held that those same two-year misdemeanors must be considered felonies because they are punishable by more than one year's imprisonment under the latter code's definition of "felony," regardless of those offenses' "misdemeanor" labels.[38]

The logic and rationale of *Smith* apply equally to the present situation. Here, we are called upon to interpret and apply the clear and unambiguous language of the Penal Code, which defines a "felony" as an offense punishable by imprisonment in a state prison. There is no dispute that the offense of keeping or maintaining a drug house is punishable by imprisonment in a state prison. Thus, a person is guilty of felony-firearm in the Penal Code if he or she carries or possesses a firearm when keeping or maintaining a drug house, regardless of the label the Legislature gave this offense in the Public Health Code. This outcome is entirely consistent with our reasoning in *Smith*.

---

determining constitutionally mandated post-conviction procedures."); *id*. at 446 n 2 ("[T]he definitions in each code have full meaning for all the purposes of *that* code, but are not simply transferable to the other code.").

[38] *Id*. at 445.

Were we to apply the Public Health Code's misdemeanor label to the application of the Penal Code and treat this offense as a misdemeanor, we would be ignoring the Legislature's clear directive to interpret the term "felony" for purposes of applying the Penal Code as an offense punishable "by imprisonment in state prison" upon the defendant's conviction.[39]  This we cannot do.[40]

---

[39] MCL 750.7.  Conversely, treating two-year misdemeanors in the Public Health Code as felonies for purposes of the Penal Code would not render the misdemeanor label irrelevant for purposes of interpreting and applying the Public Health Code.  As the prosecutor aptly notes, a defendant would not be subjected to consecutive sentencing if he or she is found guilty of both keeping or maintaining a drug house and manufacturing or delivering a controlled substance under the Public Health Code.  See MCL 333.7401(3) ("A term of imprisonment imposed under [MCL 333.7401(2)(a)] may be imposed to run consecutively with any term of imprisonment imposed for the commission of another *felony*.") (emphasis added).  Nor could a defendant be convicted of recruiting, inducing, soliciting, or coercing a minor to keep or maintain a drug house under the Public Health Code.  See MCL 333.7416(1) ("A person 17 years of age or over who recruits, induces, solicits, or coerces a minor less than 17 years of age to commit or attempt to commit any act that would be a *felony* under this part if committed by an adult is guilty of a felony . . . .") (emphasis added).

[40] *Covenant Med Ctr*, 500 Mich at 199; see also *Lorencz v Ford Motor Co*, 439 Mich 370, 376; 483 NW2d 844 (1992) ("When a statute is clear and unambiguous, judicial construction or interpretation is unnecessary and therefore, precluded."); *Addison Twp v Barnhart*, 495 Mich 90, 98; 845 NW2d 88 (2014) (" '[W]hen a statute specifically defines a given term, that definition alone controls.' ") (citation omitted); *W S Butterfield Theatres, Inc v Dep't of Revenue*, 353 Mich 345, 350; 91 NW2d 269 (1958) ("We need not, indeed we must not, search afield for meanings where the act supplies its own."); accord *Smith*, 423 Mich at 446 n 2 (opinion by WILLIAMS, C.J.) (noting that the defendants' reading of the Penal Code "might render meaningless the Code of Criminal Procedure's clear definition of 'felony' ").  We are unable to deduce from the plain language of the Penal Code that, regardless of which code contains the offense, the Legislature manifested its intent that the Penal Code treat all offenses labeled as misdemeanors but punishable by up to two years' imprisonment as misdemeanors.

Nevertheless, the Court of Appeals majority concluded that keeping or maintaining a drug house cannot serve as the predicate felony for a felony-firearm conviction by grasping upon part of a sentence in the introductory section of *Smith*, which stated that the "Legislature intended two-year misdemeanors to be considered as misdemeanors for purposes of the Penal Code . . . ."[41] Admittedly, this assertion, standing in isolation, would seem to suggest that any two-year misdemeanor, regardless of the code in which it is located, must be considered a misdemeanor for purposes of the Penal Code. There are, however, two reasons why this sentence does not alter the outcome we reach today.

First and foremost, we were tasked in *Smith* with deciding whether two-year misdemeanors in the Penal Code could be considered felonies for purposes of the Code of Criminal Procedure.[42] Accordingly, we did not need to opine on whether two-year misdemeanors should be considered misdemeanors for purposes of the Penal Code, and any assertion of legislative intent to that effect in *Smith* was an extraneous statement of opinion that was not necessary or essential to the disposition of that case. In other words, it was obiter dictum.[43] And because obiter dictum is nonbinding and " 'lack[s] the force

---

[41] *Smith*, 423 Mich at 434 (opinion by WILLIAMS, C.J.).

[42] See *id*.

[43] *People v Peltola*, 489 Mich 174, 190 n 32; 803 NW2d 140 (2011); see also *McNally v Bd of Canvassers of Wayne Co*, 316 Mich 551, 558; 25 NW2d 613 (1947) (" 'It is a well-settled rule that any statements and comments in an opinion concerning some rule of law or debated legal proposition not necessarily involved nor essential to determination of the case in hand are, however illuminating, but obiter dicta and lack the force of an adjudication.' "), quoting *People v Case*, 220 Mich 379, 382-383; 190 NW 289 (1922).

15

of an adjudication,' "[44] this part of the sentence in the introduction of *Smith* exerts no influence on our decision today.

Second, even if this sentence was not dictum, the majority's reading of *Smith* fails to fully appreciate the context in which that introductory statement was made. To begin, the full sentence reads:

> The plain language of *the statutes involved*, considered in light of the purposes sought to be accomplished, leads us to conclude that the Legislature intended two-year misdemeanors to be considered as misdemeanors for purposes of the Penal Code, but as felonies for purposes of the Code of Criminal Procedure's habitual-offender, probation, and consecutive sentencing statutes.[45]

The "statutes" we were referring to at the beginning of this sentence were statutes in the Penal Code and the Code of Criminal Procedure.[46] Because the two-year misdemeanors at issue in *Smith* were those in the Penal Code, the proper inference to be drawn from this sentence is that the Legislature intended two-year misdemeanors *in the Penal Code* to be considered as misdemeanors *for purposes of the Penal Code*.[47]

---

[44] *Peltola*, 489 Mich at 190 n 32, quoting *Wold Architects & Engineers v Strat*, 474 Mich 223, 232 n 3; 713 NW2d 750 (2006).

[45] *Smith*, 423 Mich at 434 (opinion by WILLIAMS, C.J.) (emphasis added).

[46] See, e.g., *id*. at 437-440 (Part II(A) of the decision is entitled "*The Statutes*" and discusses relevant portions of the Penal Code and the Code of Criminal Procedure).

[47] For this reason, the present matter is easily distinguishable from both *Williams* and *Baker*, as they both addressed whether a two-year misdemeanor *in the Penal Code* could serve as a predicate felony for another offense *in the Penal Code*. Because this case involves a two-year misdemeanor in the Public Health Code, not the Penal Code, neither *Williams* nor *Baker* would contradict the outcome we reach today. For the same reason, our decision in *People v Wyrick*, 474 Mich 947 (2005), is distinguishable, as it involved a

16

This interpretation is further supported by the first sentence of the *Smith* decision:

> The primary issue in this case is whether *offenses defined in the Penal Code as misdemeanors punishable by up to two years in prison* may be considered "felonies" for the purposes of the habitual-offender, probation, and consecutive sentencing provisions of the Code of Criminal Procedure, where the code defines "felony" as an offense punishable by more than one year in the state prison.[48]

Again, the focus of the inquiry in *Smith* was on two-year misdemeanors specifically located in the Penal Code, not two-year misdemeanors in general.[49] And subsequent analysis similarly focused on those Penal Code offenses.[50] With nothing to suggest that we were ever considering the issue of whether a non-Penal Code two-year misdemeanor should be considered a misdemeanor for purposes of the Penal Code, the majority of the

---

sentence-enhancement statute and an underlying offense that were both located in the Public Health Code.

[48] *Smith*, 423 Mich at 433 (opinion by WILLIAMS, C.J.) (emphasis added).

[49] This reading would be consistent with Justice RILEY's concurrence in *Smith*, wherein she sought to address any perceived inconsistency between *Smith* and her opinion in *People v Bernard Smith*, 81 Mich App 561; 266 NW2d 40 (1978), rev'd on other grounds 406 Mich 926 (1979). According to Justice RILEY, "*Bernard Smith* dealt with a conflict between two provisions of one act—the Penal Code—unlike the cases decided today which involve provisions in the Penal Code and the Code of Criminal Procedure." *Smith*, 423 Mich at 465 (RILEY, J., concurring).

[50] *See id*. at 441-447 (opinion by WILLIAMS, C.J.); see also *id*. at 437 ("Defendants allege that provisions of the *Penal Code* which label particular offenses which are punishable by up to two years in state prison as 'misdemeanors' conflict with provisions of the Code of Criminal Procedure which define offenses punishable by more than one year in the state prison as 'felonies' and that the *Penal Code* label should control.") (emphasis added); *id*. at 438 ("The defendants in the cases at bar have all been convicted of offenses which are labeled 'misdemeanors' and which are punishable by a maximum of two years imprisonment under the *Penal Code*.") (emphasis added).

Court of Appeals erred by concluding that, pursuant to *Smith*, the offense of keeping or maintaining a drug house in the Public Health Code must be treated as a misdemeanor for purposes of the Penal Code.[51]

## IV. CONCLUSION

Whether a person is guilty of felony-firearm under the Penal Code depends on whether that person committed or attempted to commit a "felony" when he or she was carrying or possessing a firearm. The Legislature clearly intended that an offense punishable by imprisonment in a state prison is a "felony" for purposes of the Penal Code. Because the offense of keeping or maintaining a drug house in the Public Health Code is punishable by imprisonment in a state prison, it must be treated as a felony for purposes of the Penal Code, and, therefore, it may serve as the predicate felony for a felony-firearm conviction. We reverse the portion of the Court of Appeals' judgment that concluded otherwise and reinstate defendant's felony-firearm conviction. This case is

---

[51] Although the Court of Appeals majority would like us to "definitively resolve the status of two-year misdemeanors for purposes of the felony-firearm statute," *Washington*, unpub op at 10, and the prosecutor would like us to overrule *Williams* and *Baker*, the issue before us does not require such a broad-sweeping ruling. See *Washington*, 501 Mich 942 (ordering the parties to file supplemental briefs addressing the specific issue of "whether the crime of maintaining a drug house, MCL 333.7405(1)(d), MCL 333.7506, a misdemeanor punishable by up to two years in prison, may serve as the predicate felony for a conviction of possessing a firearm during the commission of a felony, MCL 750.227b"). Counseled by judicial restraint, we leave certain questions, such as whether a two-year misdemeanor in the Penal Code could serve as a predicate felony for a felony-firearm conviction and whether *Williams* and *Baker* were correctly decided, for another day.

remanded to the Court of Appeals to address any of defendant's outstanding arguments.[52]

We do not retain jurisdiction.

Brian K. Zahra
Stephen J. Markman
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Kurtis T. Wilder
Elizabeth T. Clement

---

[52] Although defendant did not file a cross-application for leave to appeal, there may be issues pertaining to his felony-firearm conviction that are still unresolved. For instance, on January 30, 2017, defendant filed a motion in the Court of Appeals seeking to add as an additional ground for appeal that his judgment of sentence must be corrected because his felony-firearm sentence is listed as running consecutively to his other three convictions but only the charge of keeping and maintaining a drug house was listed as the predicate felony. Although the Court of Appeals granted the motion, see *People v Washington*, unpublished order of the Court of Appeals, entered January 31, 2017 (Docket No. 330345), it did not address the merits of defendant's argument, presumably because it vacated defendant's felony-firearm conviction.